The court at General Term, after consideration of certain exceptions, said:
“I am of the opinion, however, that there was error in excluding certain testimony of the defendant. There had been two interviews between Mrs. Robbins, plaintiff’s testatrix, and the defendant, which led to the settlement constituting the foundation of the action: one shortly prior to November 18, 1876, during which the proposition for a settlement was submitted to her, and the other on November 18, on which day the settlement was completed between Mrs. Robbins and the defendant. The latter was not allowed to testify what was said between him and her at the first interview; and at a later stage, his statement that on November 18, he delivered to her two receipts, was stricken out. These rulings, which were duly excepted to, were made-on the ground that since the first trial Mrs. Robbins had died, and that in consequence thereof the evidence was incompetent against her legal representative, under section 829 of the Code of Civil Procedure. But, in making them, sight seems to have been lost of the fact that the testimony given by Mrs. Robbins on her direct examination on the first trial, had been read against the defendant, and that in the course of that testimony the whole version of Mrs. Robbins as to the transactions had with the defendant had been placed before the jury, and that such version embraced the occurrences-during both interviews. Consequently, the case was brought directly within the exception contained in Section 829, viz. : “Except where. . . the testimony of . . . the deceased person is given in evidence concerning the same transaction or communication.”
“ . .. The defendant had the right not only to contradict, but also to correct the version given by Mrs. Robbins (Potts v. Mayer, 86 N. Y. 302). If Mrs. *512 Robbins was permitted to tell all she considered of advantage to her side, the defendant should not have been precluded from telling the rest of what transpired at the same interviews. True, in regard to the interview of N ovember 18, the evidence excluded, as above stated, was afterwards supplied to some extent, but whether it was fully supplied, or with the same effect, is a debatable question. But in regard to the preceding interview the excluded evidence does not appear to have been subsequently supplied. On both occasions the defendant was alone in his office, while Mrs. Robbins was accompanied by her husband, whose testimony corroborates her version.”
Benjamin G. Hitchings, for appellant.
Royal S. Crane and I. T. Williams, for respondent.
Opinion by Freedman, J.; Speir, J., concurred.
The judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event.