NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1887.

MATTER OF SCHEUER.

*In the matter of the estate of* MOSES (*otherwise* HENRY)
SCHEUER, *deceased.*

One claiming to be decedent's widow and, as such, entitled to letters of ad-
ministration of his estate, having moved for the revocation of such let-
ters previously issued to others, and supported her application by her
affidavit of personal transactions and communications between herself
and decedent, respondents objected to the evidence as incompetent un-
der Code Civ. Pro., § 829.—

*Held,* that respondents had relieved petitioner from the disqualification
contended for, by putting in evidence declarations of decedent denying
the relationship upon which the application was based.

PETITION for revocation of letters of administration.

JAMES M. SMITH, *for petitioner.*

SAMUEL B. HAMBURGER, *for administrators.*

THE SURROGATE.—Letters of administration upon
the estate of this decedent were granted to his aunt
and another on November 29th, 1886. On December
7th, the petitioner commenced proceedings for the re-
vocation of those letters, claiming that she was herself,
as the widow of decedent, entitled, in priority, to ad-
minister.

Numerous affidavits have been submitted by the
respective parties, some supporting, some attacking
the allegations of the petition. I am asked by coun-

sel for the respondents to disregard all statements made by the petitioner as to personal transactions and communications between herself and the decedent upon the ground of her incompetency under § 829 of the Code of Civil Procedure to give testimony in that regard.

The respondents have put in evidence declarations of the decedent denying that the petitioner was his wife, and disclosing what he claimed to be the relations between himself and her, and the circumstances under which she made the Chicago affidavit. By pursuing this course, the respondents have relieved the petitioner from the disqualification established by § 829 (Smith v. Crawford, 3 *Hun*, 585 ; Marsh v. Brown, 18 *Hun*, 319 ; Potts v. Mayer, 86 *N. Y.*, 302 ; Wadsworth v. Heermans, 85 *N. Y.*, 639 ; Estate of Stanley, *N. Y. Surrog. Dec.*, May 27th, 1886). I cannot make proper disposition of the matter here at issue upon the affidavits submitted by the respective counsel ; the case is peculiarly one in which an oral examination and cross-examination of witnesses is desirable if not indeed essential for the discovery of the truth.

There must be an order of reference.