(10 Misc. Rep. 403.)

## AMERICAN PRESERVERS CO. v. WILTSIE.

### (Superior Court of Buffalo, General Term. December 10, 1894.)

ASSUMPSIT—MONEY HAD AND RECEIVED.

Where the agent of plaintiff corporation drew a check in the name of the corporation, payable to defendant, and delivered it to defendant for the sole purpose of enabling him to get the amount from a third person for the benefit of the agent, and defendant indorsed the check and delivered it to the third person, receiving its amount in currency, which he forthwith handed to the agent, plaintiff cannot maintain an action against defendant for money had and received, as defendant received none of plaintiff's money.

Appeal from municipal court.

Action by the American Preservers Company against Frank J. Wiltsie. From a judgment in favor of plaintiff for $76.08, defendant appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

C. S. Crosser, for appellant.

Simon Fleischmann, for respondent.

WHITE, J. The facts of this case, so far as they are essential to a proper disposition of this appeal, are substantially as follows: The plaintiff was a West Virginia corporation engaged in the business of manufacturing and selling fruit preserves, with a branch establishment in this city, of which one Charles F. Tomes was the manager, and he was the only representative of the plaintiff in this state. The plaintiff kept its account at the Manufacturers' & Traders' Bank, in

this city, and such account was in the name "American Preservers'· Company, Charles F. Tomes, Manager," and all checks upon its bank account were signed with that name by Tomes. Tomes had in fact no authority to transact any business in the name of the plaintiff, except such as pertained to its said business. On January 12, 1892, Tomes drew, in plaintiff's name, a check upon the Manufacturers' & Traders' Bank, payable to his own order, for $30, and indorsed it. He thereupon delivered the check to the defendant for the sole purpose of enabling the defendant to get the amount of the check in currency from one Millring for the benefit and accommodation of Tomes. The defendant indorsed his name on the back of the check, below that of Tomes, and delivered it to Millring. Millring handed the amount of the check, in currency, to the defendant, and the defendant forthwith handed the identical currency to Tomes. On March 21, 1892, Tomes drew in plaintiff's name another check on the Manufacturers' & Traders' Bank, payable to the order of the defendant, for $30, and delivered it to the defendant, for the sole purpose of enabling the defendant to get the amount of the check from one Levyn for the benefit and accommodation of Tomes. The defendant indorsed this check, and delivered it to Levyn, got its amount in currency, and forthwith handed the identical currency to Tomes. In each instance the scope of the transaction was, and was intended by Tomes and the defendant to be, the getting of the currency by Tomes for the check. No advantage or benefit was, or was intended to be, gained by the defendant. The checks were paid in due course of business by the bank. The complaint in this action alleges that at the dates of those two checks, respectively, Tomes became indebted to the defendant upon his own account, and for his own use and benefit, individually and personally, for goods sold to him by the defendant, or for services performed for him by said defendant, in the sum of $60, and in payment of said individual indebtedness Tomes made and delivered said checks to the defendant; that the checks were deposited by the defendant to his own credit, and were paid to him; that he (the defendant) received the proceeds of the checks in payment of an individual indebtedness from Tomes to him.

There is no necessity for an extended argument to establish the proposition that the use by an agent of his principal's money to pay an individual debt, without the consent of the principal, is illegal, and may be recovered from the person receiving the moneys with notice that they belong to the principal. That principle of law, however, has no application to the case in hand, because it is shown affirmatively and conclusively by the record that Tomes, the plaintiff's agent, was never indebted to the defendant, and that the defendant did not receive the checks in payment of any indebtedness from Tomes; that in fact the defendant never had a penny's interest in the checks or their proceeds; that solely for the accommodation of Tomes he procured third parties to take the checks in exchange for currency. The cause of action set forth in the complaint, therefore, proves to be without any foundation in fact. The contention of the respondent is that the transaction between Tomes and the defendant was, in the eye of the law, a loan by the defendant to Tomes, and the payment

of that loan by Tomes with the plaintiff's money. I have yet to learn that such a transaction can have such an effect as is claimed by the plaintiff. No such claim can be justified by the evidence. According to the evidence, the defendant received the money, as the money of Tomes, from the person who exchanged currency for the checks to accommodate Tomes. No claim can be justified by the evidence that any agreement for a loan of money was ever made or thought of by either Tomes or the defendant, and an action for money had and received, in the absence of fraud, can only be maintained where the party whom it is alleged had or received the plaintiff's money took and received it under some arrangement with somebody whereby he either gave or received some benefit or advantage from the transaction in which he received it. No such element exists in this case. The only liability incurred by the defendant was to the persons who exchanged currency for the checks, and that liability was by reason of his indorsement upon the check, and only contingent. I have not been able to find any authority holding that such a transaction as that between Tomes and the defendant constituted a loan of money by the defendant to Tomes, or the payment of a debt by Tomes to the defendant. The plaintiff's claim to recover is based upon the assumption that it was a loan. If that assumption is not well founded,—and I think it is not,—his claim must fail. A loan of money involves necessarily a contract whereby the lender delivers money to the borrower upon an agreement, express or implied, on the part of the borrower, that he will repay the money to the lender. It also necessarily involves the exercise of dominion over and ownership of the money loaned by the borrower after the money is delivered to him by the lender. None of these essential elements are found in the transaction between Tomes and the defendant. These views necessitate a reversal of the judgment appealed from.

It will not be necessary, nor will it be profitable, to consider the power of the court below to direct a verdict as it did in this case, because since the action was tried the legislature has given it such power, and the question is not likely to arise again. Chapter 691, § 3, Laws 1894.