(40 Misc. Rep. 290.)

## GRIFFEN v. TRAIN.

(Supreme Court, Trial Term, New York County. March, 1903.)

1. TRUSTS—CHECKS ISSUED BY TRUSTEE—PRESUMPTION.
　　Where a trustee, since deceased, gave to his wife a check to her order on funds of the estate, the presumption is that he gave her the check to pay. a debt of that amount; but the presumption may be rebutted by a successor trustee after the death of the first trustee.

2. SAME—ACTION TO RECOVER DEBT—EVIDENCE.
　　In an action by the successor of a deceased trustee to recover for moneys of the estate paid out by the deceased trustee, memoranda in the handwriting of the trustee, consisting of a list of assets, showing an entry in the initials of the defendant on the date of the check, and for

81 N.Y.S.—62

the amount thereof, with what appears to be a list of other debts due the estate, is admissible to rebut the presumption that the check on the funds of the estate was issued to pay a debt.

**8. SAME—EVIDENCE.**

Where, in an action by a trustee to recover a loan alleged to have been made to defendant by a deceased trustee, plaintiff introduced memoranda of the decedent tending to establish the loan, defendant is entitled to contradict them; and where she testifies that after receiving from the trustee, who was her husband, a check in blank, she indorsed it, and gave it back to the trustee, and never had any of the moneys it represented, plaintiff cannot recover of her as for a loan.

Action by E. Morgan Griffen, trustee, against Mary B. Train. Complaint dismissed.

Charles H. Payne, for plaintiff.

Daly, Hoyt & Mason (Charles K. Carpenter, of counsel), for defendant.

SCOTT, J. This action is submitted upon an agreed statement of facts and upon certain proofs offered by each party, as to which the other party waives actual evidence, but objects for irrelevancy and incompetency. The action is for the recovery of the sum of $2,500, with interest from June 5, 1898. The following are the admitted facts: That on June 15, 1898, Frederick C. Train was the duly constituted and acting trustee under a deed of trust from Virginia W. Blanchard, and as such trustee was seised and possessed of a large amount of real and personal property belonging to said trust estate; that the defendant was the wife of said Frederick C. Train; that on June 15, 1898, the said Frederick C. Train, as such trustee, drew his check upon the Mercantile National Bank of the City of New York to the order of the defendant, Mary B. Train, for $2,500, against the funds of the trust estate deposited in said bank; that the defendant thereupon indorsed said check in blank; that said check was afterwards indorsed by said Frederick C. Train in his individual name, and was collected by him from the bank on which it was drawn through the banking house of Charles Frazier & Co., where said Frederick C. Train kept his personal account, and the proceeds credited to his said personal account; that said Frederick C. Train died on March 3, 1902, being then trustee of said trust for Virginia W. Blanchard, and thereafter, on March 25, 1902, the plaintiff, E. Morgan Griffen, was duly appointed trustee of said trust in the place and stead of said Frederick C. Train, and thereupon became seised and possessed, as such trustee, of all the property of such trust estate, including the claim of such trust estate against the defendant for money loaned to her in the transaction aforesaid, if there be any valid claim therefor; that the said Frederick C. Train, while trustee of said trust, kept no regular books of account as trustee other than a check-book, but that he was accustomed to keep among his papers memoranda containing more or less full statement in respect to the property of the trust estate; that no part of said sum of $2,500, or any interest thereon, has been paid to the trust estate by the defendant, or other side.

Upon the foregoing facts I can find no evidence to justify the plaintiff's claim that the transaction above recited proved a loan to the de-

fendant from the estate. All that appears is that on a given date a check upon the funds of the estate was given to defendant. The legal presumption arising from such a transaction, unless otherwise explained, is that the check was given in payment of a debt. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. This presumption, of course, is open to rebuttal. For this purpose the plaintiff offers in evidence two memoranda, found, immediately after the death of Frederick C. Train, among the papers of the trust estate in his desk, both memoranda being in his own handwriting. It is conceded that these memoranda were made without the knowledge, and not in the presence, of the defendant. The first memorandum contains a list of names or initials, opposite to each of which is a sum of money, and opposite to some of which are dates. The second memorandum is attached to a promissory note filled out in Frederick C. Train's own handwriting on a printed blank dated February 1, 1894, whereby said Train promises to pay on demand, to the order of himself as trustee, the sum of $2,500. This second memorandum contains a list of initials, dates, and amounts. Upon the first list appear the words and figures, "M. B. T. June 15th, 1898 2500," and on the second list appear the same initials, date, and amount. The plaintiff offers to show that all the items on the first memorandum, except the item above quoted and one other, have been, by the plaintiff and his attorney, clearly identified with various items of real and personal property belonging to the trust estate, and that the said memorandum contains a practically complete list, in abbreviated form, of all the property of the trust estate which belonged to such estate in the month of December, 1901. He also offers to prove in particular that the item, "I. A. T. July 17th 1900," has been found to represent an indebtedness to the trust estate on the part of Frederick C. Train's brother Isaac A. Train, which has since been paid to plaintiff by said Isaac A. Train, and that the item, "W. D. B. Blake Trust," has been found to represent an indebtedness of one W. D. Barnes to the trust estate, secured by an assignment of an interest in a trust created by one Sarah F. Blake, a settlement of which indebtedness is now pending with said W. D. Barnes, he admitting himself to be indebted to the plaintiff as trustee. In my opinion, these memoranda, with the evidence relating to them, are admissible. The first memorandum as to all, at least, except the unidentified items, are entries against the interest of the deceased trustee, because they contain statements of the various items of property with which he was chargeable. It was clearly to his interest, in making out a list of the trust property, to include in it nothing except what he was properly accountable for, and hence there was an extreme improbability that he would include any items except such as went to make up the trust estate. He thereby charged himself with the various items contained in the memorandum. Being admissible upon this ground, the entries are not only evidence of the fact against his interest, but also of the other incidental and collateral facts and circumstances mentioned in the memorandum, and are admissible in evidence irrespective of the fact whether any privity existed between the person who made them and the party against whom they are offered. Livingston v. Arnoux, 56 N. Y. 507–519. The memoranda, therefore,

are admissible against the defendant, if she be identified with the initials "M. B. T." included therein, and a presumption arises that she is indebted to the trust estate if the list in which her initials appear is identified as a list of creditors of the estate. As has been said, the proof offered by the plaintiff tends to show that the first memorandum contains a list of the assets of the estate, and it is perfectly natural and proper that a list of the assets should include a list of those to whom the estate's money had been loaned, and who, therefore, are debtors of the estate. Every item, except two, in the first memorandum, has been identified with various items of personal and real property belonging to the estate. It is most improbable that out of a long list of items such as is contained in the first memorandum all but two should represent assets of the estate, and these two should represent something else. On the contrary, every presumption is that those two unidentified items partake of the same general character as the other items, and also represent assets. Among these items appears that one reading, "M. B. T. June 15th, 1898 2500." The check upon which this action is founded was for $2,500, was dated June 15, 1898, and was drawn to the order of defendant, whose initials are M. B. T. It requires no strain upon the imagination to presume that this entry referred to the check. Found where it is, the item indicates also that the amount represented by it constitutes a portion of the assets of the estate as they were in December, 1901. If this item related to the check given to the defendant, and also represented a portion of the assets of the estate, the further presumption arises that the amount was given to defendant as a loan. This presumption is strengthened by the second memorandum, which, as is claimed, contains a list of the debts due to the estate. The first item reads, "F. C. T. [being the initials of the deceased trustee] Feb. 1, 1894. 2500." This corresponds in date and amount with the promissory note, signed by the deceased trustee, and attached to the memorandum, and the initials are his. There follows a number of sums under the same initials, but of different dates. The aggregate of all these sums under his initials, including the first item of $2,500, is $10,276.13. In the first memorandum, in what is assumed to be a list of assets of the estate, is the entry, "F. C. T. 10,276.13." It is not difficult to infer that this item in the first memorandum, and the several items under the same initials in the second memorandum, indicate an indebtedness on the part of the deceased trustee to the estate of the sum of $10,-276.13. In both the first and second memoranda are found the identical items reading, "I. A. T. July 17th, 1900, 289.17." It has been ascertained that this item represents an indebtedness to the trust estate on the part of Isaac A. Train, who has acknowledged the debt by paying the indebtedness. It is no violent presumption to assume that the second memorandum was intended to represent the debts due to the estate. Among these items appears the same item as is included in the first memorandum, reading, "M. B. T. June 15th, 1898 2500." Accepting these memoranda as competent evidence of the statements they contain, and interpreting them by the ascertained facts and the apparent coincidences, there is found a presumption that the check for $2,500 given to defendant on June 15, 1898, represented

a loan to her out of the funds of the estate, and this presumption is quite sufficient to meet and overcome the slight presumption, arising from the mere fact that she received the check, that it was paid to her in satisfaction of an antecedent debt.

While the entries made by the deceased trustee are competent as against the defendant for the reason above stated, the evidence is not conclusive against her, and the presumption arising therefrom may be rebutted by any competent evidence. For this purpose the defendant offers her own testimony, as to which the plaintiff admits that, if called, she would so testify, and that her testimony can neither be contradicted nor impeached, and he waives the actual taking of the testimony. He insists, however, that it relates to a personal transaction between herself and the deceased trustee, predecessor in title of the plaintiff, and therefore, being offered in her own behalf, is incompetent under section 829 of the Code of Civil Procedure. It would be clearly incompetent unless the plaintiff has opened the door by the introduction of the memoranda above discussed. It was said by the Court of Appeals in Potts v. Mayer, 86 N. Y. 305, that "the obvious intention of the statute is to preserve equality and prevent unfair advantage," and that "to allow the dead man to speak through his declarations while living, and deny the right of contradiction or correction to the surviving party, would shift the unfair advantage to those representing the deceased party, and it was to obviate such injustice that the exception in the statute was framed." This quotation precisely fits the case presented here. The memoranda are received in evidence, not because they have any probative value of their own, but because they represent declarations of the deceased trustee, made under circumstances which are deemed to raise a presumption that they truthfully state the facts. But at best they are only evidence of his declarations. They stand upon the same footing as any other proof of his declarations. When the plaintiff is permitted to read them in evidence, he is permitted to present the testimony of the deceased person concerning the transaction. To this effect is Marsh v. Brown, 18 Hun, 319, where the precise question arose. The evidence which the defendant offers, and which must be admitted, if the memoranda of the deceased trustee are received, is to this effect: That she indorsed the check at the request of her husband, the deceased trustee, and immediately upon so indorsing it handed the same back to him; that she never at any time exercised dominion over or ownership of the said check or its proceeds, and never performed any act in regard thereto except the indorsement of said check drawn in her favor; that she had no knowledge of the disposition of said check or its proceeds; that she never borrowed or received any money from the said trust estate, unless the indorsement of said check constitutes and imports, in law, a loan to her. This evidence completely negatives any presumption that any loan was made to the defendant out of the funds of the estate. A loan is made when the borrower receives money, over which she exercises dominion and ownership, and which she expressly or impliedly promises to return. A check is not money, but is only a token representing money; and where, as in the present case, a party receives a check representing a sum of money, and immediately returns it to the person from whom

she received it, either the transaction does not represent a loan at all, or in represents a momentary loan, which is immediately repaid. The defendant received a check from the trustee, and immediately returned it to the same trustee. It was no concern of hers whether he returned the money to the trust fund or used it himself. In either case he was still a trustee, and received back the check in that capacity. If he afterwards misappropriated it, the defendant had not aided him. The fact that she indorsed the check before handing it back does not affect the question. Since the check was drawn to her order, her indorsement was necessary whether the check was to be redeposited in the trust account or not. The circumstances, as explained by the defendant, show that the transaction contained none of the essential elements of a loan to her. American Preservers Co. v. Wiltsie, 10 Misc. Rep. 463, 31 N. Y. Supp. 451.

The complaint must be dismissed, and, since both parties deem the case a proper one for an allowance, the defendant may have an extra allowance of $125.

Complaint dismissed.