DANIEL E. MERRITT, Respondent, *v.* JACOB CAMPBELL et al., Appellants.

| | |
|---|---|
| 79 | 625 |
| 113 | 579 |
| 79 | 625 |
| 168 | 330 |
| 79₀ | 625 |
| 77 AD | 623 |

Where a party was called as a witness by the adverse party and was examined as to a transaction with a deceased party in reference to which he would have been precluded from testifying in his own behalf under the Code of Procedure (§ 399), *held*, that the witness was entitled, upon cross-examination, to explain his testimony, and to state the whole transaction.

(Argued October 10, 1879; decided January 13, 1880.)

THE principal question in this case was as to the genuineness of certain alleged signatures of defendants' intestate, which they claimed were forged. The principal question presented on appeal was as to the admissibility of other signatures, for the purpose of comparison in court by experts or other witnesses, or by the jury. The court reiterated the rule laid down in *Miles* v. *Loomis* (75 N. Y., 288), that such comparisons could only be made by witnesses or the jury,

with signatures properly in evidence; that signatures cannot be introduced for the mere purpose of comparison; nor could a description of them be given by a witness. As this rule was changed by an act of the Legislature soon after the decision was rendered (chap. 36, Laws of 1880), it is not deemed essential to report it in full.

Plaintiff was called as a witness by defendants and testified that the deceased, in 1876, gave him a check for a sum of money. Defendants claimed that this was evidence of a settlement of all previous dealings. Plaintiff, on cross-examination, was permitted to testify under objection and exception that the check was given on a different account from the matters involved in this action. *Held*, no error; that defendants having themselves introduced evidence of the transaction between plaintiff and deceased, they could not shut his mouth as to the explanation, or object to his stating the whole transaction, so as to show that the inference sought to be drawn therefrom was unfounded in fact.

Plaintiff called one Benedict as a witness to prove the genuineness of the signatures of the deceased which were in question. He testified that he had often seen him write and knew his signature, and that signatures were genuine. On cross-examination he stated that the signatures which he had seen were indorsements of checks; that he had not seen these indorsements lately. He was then asked: "You are not quite sure, if you should have those checks before you, and his signature there, but what your opinion might be altered as to them; are you?" This was objected to and excluded. *Held*, no error.

*Calvin Frost* for appellants.

*William A. Beach* for respondent.

RAPALLO, J., reads for affirmance.
All concur.
Judgment affirmed.