GEORGE L. NAY et al., as Administrators, etc., Respondents, *v.* JOHN M. CURLEY, Appellant.

113 575
153 351
153 355
113 575
77 AD 622

On trial of an action to recover an alleged loan, plaintiffs gave in evidence a check signed by their intestate, payable to defendant, and proved that it was delivered to, indorsed by and paid to him; they then called him as a witness and proved by him that at the time of the delivery of the check said intestate did not owe him anything. As a witness in his own behalf he was asked to state what took place between decedent and himself. This was objected to and excluded as incompetent under the provision of the Code of Civil Procedure (§ 829), excluding the testimony of a party against an executor, etc., in relation to a personal transaction with the decedent. *Held*, error; that said provision did not abrogate the rule of evidence, that where a party calls a witness and examines him as to part of a communication or transaction, the other party may call out the whole, so far as it bears upon or tends to explain the part called out; that, as the testimony of defendant called out by plaintiff tended to rebut the presumption that the transaction *i. e.*, the giving of the check, was the payment of a debt, and to raise the presumption that it was a loan, this opened the whole transaction and entitled defendant to testify in his own behalf in regard thereto.

(Argued April 19, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New

York, entered upon an order made May 14, 1888, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover the amount of an alleged loan made by plaintiffs' intestate to defendant.

· The material facts are stated in the opinion.

*Henry Hoyt* for appellant. Where one man delivers a sum of money to another, if there be nothing else to explain the transaction, the legal presumption is that the money belonged to the one who received it, and not that he thereby became a debtor to the other. (*Welch* v. *Seaborn*, 1 Stark. 474; *Gerding* v. *Waller*, 29 Mo. 426.) The delivery of a check is not evidence of money loaned, but, on the contrary, the presumption is that it was paid upon some debt or obligation owing by the drawer. (*Koehler* v. *Adler*, 78 N. Y. 287; *Poucher* v. *Scott*, 98 id. 422; *Fickin* v. *Carrington*, 31 Gratt. 219; *In re Richardson*, 13 Phil. 251; Lawson on Presumptive Evidence, rule 70, p. 303.) Where a party is called as a witness by the adverse party and is examined as to a transaction with a deceased party in reference to which he would have been precluded from testifying in his own behalf, he is entitled to explain his testimony and to state the whole transaction. (*Merritt* v. *Campbell*, 79 N. Y. 625.)

*Charles H. Woodbury* for respondents. The evidence that the intestate was not indebted to the defendant at the time when the check was given raises the presumption that it was given as a loan. (*Poucher* v. *Scott*, 90 N. Y. 422.) There being no indebtedness to pay, there was nothing upon which the presumption that it was in payment of a debt could be founded. (*Stimson* v. *Vroman*, 99 N. Y. 74, 81; *Fickin* v. *Carrington*, 31 Gratt. 219; *In re Richardson*, 13 Phil. 241; Lawson on Presumptive Evidence, rule 70, p. 304.) Very slight circumstances have been held sufficient to raise the presumption of a loan. (*Bogert* v. *Morse*, 1 Coms. 377; *Grey* v. *Grey*, 47 N. Y. 552, 555.) Evidence that a gift was intended

must be established by proof. (*Ficklin* v. *Carrington*, 31 Gratt. 219 ; *Richardson's Est.*, 13 Phil. 251 ; Lawson on Presumptive Ev. rule 70, p. 304; *Grey* v. *Grey*, 47 N. Y. 552.) The defendant's proposed evidence as to what took place between him and plaintiffs' intestate at the time he received the check was properly excluded. (Code, § 829 ; *Merritt* v. *Campbell*, 79 N. Y. 625 ; *Miller* v. *Montgomery*, 78 id. 282 ; *Ham* v. *Van Orden*, 84 id. 257, 271.) A survivor is competent to testify to any fact other than what is said or done at a personal transaction or communication with the deceased, notwithstanding his evidence may negative that any personal transaction or communication took place. (*Pinney* v. *Orth*, 88 N. Y. 447, 451; *Hier* v. *Grant*, 47 id. 278.) The evidence that no indebtedness existed was not prohibited by the statute, and so did not authorize the defendant to testify upon prohibited matters. (*Miller* v. *Montgomery*, 78 N. Y. 282 ; *Ham* v. *Van Orden*, 84 id. 257, 271 ; *Wood* v. *Plato*, 23 Hun, 402.)

ANDREWS, J. It is conceded, and it is undoubtedly the general rule, that in the absence of explanation the presumption arising from the delivery of a check is that it was delivered in payment of a debt, and not as a loan. (*Koehler* v. *Adler*, 78 N. Y. 287; *Poucher* v. *Scott*, 98 id. 422.) But a check may represent a loan or a gift, or money of the drawer, to be applied by the drawee to the use of the former as his agent or otherwise. The plaintiffs proved that the check was delivered by their intestate to the defendant, the payee, on the day of its date (Dec. 22, 1886) ; its indorsement by the latter: that it was paid in due course, and that the defendant received the proceeds. Up to this point no cause of action had been established. The plaintiffs then called the defendant as a witness and asked him, " On the 22d day of December, 1886, did Joseph O. Nay owe you any money ? " and the defendant answered, " No, sir." This made out a *prima facie* case of a loan. It rebutted the presumption that the check was given in the payment of a debt. This could not

have been the nature of the transaction if there was no debt owing by the intestate to the defendant. The plaintiffs by this evidence repelled the presumption which would otherwise have arisen, and created the alternative presumption that the check represented a loan. The law does not presume a gift (*Grey* v. *Grey*, 47 N. Y. 552), and when the plaintiffs rested their case the burden was upon the defendant to show that the transaction was not that which the evidence on the part of the plaintiffs tended to establish, viz., a loan from the decedent to the defendant.

The defendant, on assuming the defense, offered himself as a witness in his own behalf, and after stating that he received the check from the drawer, was asked by his counsel, " State what took place between you and him?" The counsel for the plaintiffs objected to the question on the ground that it was incompetent, and it was excluded by the court. This ruling presents the material question on this appeal. It is sought to be sustained under section 829 of the Code. There can be no doubt that the question was properly excluded, assuming that the plaintiffs had not opened the matter by their examination of the defendant. The evidence sought to be elicited by the excluded question directly pointed to the transaction between the witness and the decedent at the time the check was given, and called for a narrative of what took place between them on that occasion. It was evidence directly within the prohibition of section 829, and did not fall within the exception in that section, since the plaintiffs had not been examined concerning that transaction, in their own behalf or otherwise. There was no error, therefore, in excluding the question put to the defendant, if its admissibility is to be determined by section 829. But that section was not intended to abrogate the principle in the law of evidence, that where a party calls a witness and examines him as to a particular part of a communication or transaction, the other party may call out the whole of the communication or transaction bearing upon or tending to explain or qualify the particular part to which the examination of the other party was directed. This rule does not need

the sanction of authority. It is founded upon obvious equity and justice. A part of the truth often implies a falsehood, and in the search for truth through the examination of witnesses, courts do not countenance partial statements of facts by witnesses. The principle adverted to is just as applicable in reason to a case where a party calls an adverse party and examines him as to one fact or phase of a transaction in his favor, and then discontinues the inquiry, as in any other. The party examined by the other may, at his own instance, complete the narration for the purpose of explaining, modifying or putting in a different light the particular part to which the examination by the adverse party was restricted. Section 829 in no manner affects the application of the rule. If a party calls the adverse party and examines him as to a personal communication or transaction with a deceased person, in reference to which he would be precluded from testifying in his own behalf under that section, the witness is entitled to state the whole transaction or conversation and thereby explain or qualify the testimony called out by the other party. This was explicitly held in *Merritt* v. *Campbell* (79 N. Y. 625).

The correctness of the ruling, excluding the defendant from testifying in his own behalf as to what took place between the intestate and himself at the time the check was given, turns upon the point whether the plaintiffs by asking the defendant, on their examination, whether on the day the check was given their intestate owed him anything, and obtaining an answer in the negative, thereby gave proof as to the transaction between the parties at the time of giving the check, and opened the way to the defendant to testify thereto. Evidence of a personal transaction between parties may become material on a trial, (1) where the cause of action originates in the transaction sought to be proved, the transaction itself creating the duty or obligation; or (2), where the communication or transaction tends to establish an antecedent cause of action, or to disprove it, as, for example, where admissions are relied upon, made by one party to the other; or (3), where the original cause of action is admitted, and the communication or trans-

action is sought to be proved to show that the cause of action had been satisfied or discharged, as by payment or otherwise. In the present case the cause of action, if any, arose out of the giving of the check, and whether it created a cause of action depended upon the real nature of that transaction, whether the check represented a loan, gift or something else. The check, on its face, imported a personal transaction between the parties to the instrument, and that it was, in fact, a personal transaction between them was shown outside of the testimony of the defendant. The material issue was, what was the real character of that transaction. The plaintiffs, by calling the defendant and proving by him that the intestate owed him nothing when the check was given, showed that the transaction was not a payment, and, by eliminating this element, characterized the transaction as a loan. If the question put to the defendant by the plaintiffs had been in a direct form as, for instance, "Was the check given for a debt?" no doubt could be entertained that the question would have been concerning the transaction between the parties when the check was given, and, if answered in the negative, the door would have been opened to the defendant to show what the transaction was, and that it was not a loan, which would be the presumption in the absence of further explanation. The mere form of the question can make no difference, if the question put, in substance, called for an affirmation or negation as to the character of the transaction in question. The point is the same in principle as if the defendant, not having been called as a witness by the plaintiffs, had offered himself as a witness in his own behalf, and, with a view of showing that the check was given in payment of a debt, had been asked "Was the intestate, on the day of the date of the check, indebted to you in the amount for which the check was given?" It is plain that he could not have been permitted to testify directly that he received the check in payment of a debt, or that it was not given as a loan, or that it was a gift, because this would be permitting him to testify what the transaction was. It is equally plain, we think, he could not have been permitted indirectly to

accomplish the same end by permitting him to testify that when the check was given there was a debt owing him by the intestate of the same amount, thereby excluding the idea of a loan, and raising the inference that the transaction was a payment. He could not in this way be permitted to characterize the transaction, *i. e.*, to show what it was not, and to accomplish by indirection what he could not have done directly. The plaintiffs could not ask the defendant as their witness the same question, except at the risk of opening the whole transaction. They could not call the defendant and show by him that there was no debt and, consequently, that the transaction was not the payment of a debt, and preclude him from testifying as to what the transaction was, or that it was not that which the evidence given by him on their examination presumptively established it to have been.

There is difficulty in administering the rule declared in section 829. The survivor of one of two parties is not precluded by that section from testifying to any independent fact material to the litigation, that is, to any fact which does not involve the disclosure of a personal transaction or communication with the deceased, or is not *concerning* such personal transaction or communication. Every material fact tends, directly or indirectly to prove or disprove the issue to which it relates. But the survivor is not precluded from testifying in his own behalf to a material fact, simply because it may throw light upon and tend to prove or disprove the transaction in issue. The statute closes the lips of the survivor only as to personal dealings between the parties. It does not deprive him of the right to testify to any material fact known to him, not involving the disclosure of a personal transaction with the decedent, although such fact may indirectly prove or disprove a personal transaction upon which the suit is founded. In other words, the testimony of the survivor is not excluded because it bears upon the issue to be decided, or because it bears upon a personal transaction which is itself the subject of inquiry. It is excluded only when it is in effect a disclosure of what has occurred between the witness and the deceased in relation to

the subject in controversy.   If, in substance, the fact sought
to be elicited respects a personal transaction and tends directly
to disclose a personal transaction, or the presence or absence
of some element in a personl transaction, then the fact is not,
we think, an independent one, and the survivor is precluded
from testifying to it, unless the way is opened by his exami-
nation by the other party.   (*Tooley* v. *Bacon*, 70 N. Y. 34;
*Maverick* v. *Marvel*, 90 id. 656; *Koehler* v. *Adler*, *supra*;
*Lerche* v. *Brasher*, 104 N. Y. 157; *Clift* v. *Moses*, 112 id. 426.)
The examination of the defendant by the plaintiffs, as to the
existence of a debt between the witness and the intestate when
the check was given, directly bore upon the nature and
character of the transaction, and was an indirect method of
proving the transaction itself.   They thereby made the defend-
ant a competent witness to testify in his own behalf as to the
same transaction.

For the error of the trial court in rejecting the evidence of
the defendant the judgment should be reversed.

All concur.

Judgment reversed.