(4 App. Div. 27.)

### MILLS v. McMULLEN et al.

(Supreme Court, Appellate Division, First Department. April 17, 1896.)

1. ASSUMPSIT—MONEY LOANED—EVIDENCE.

   In an action to recover money loaned, alleged to have been given to defendant in the form of checks, evidence as to defendant's transactions with a third person, in which defendant had made payments with plaintiff's checks, was properly stricken out; it appearing that witness had no recollection of the transaction, outside of entries in his books, which had not been made by him.

2. SAME—PAYMENT BY CHECK—ENTRIES ON STUBS.

   Entries on the stubs in plaintiff's account books were not admissible in evidence to show that the corresponding checks were given as loans, and to rebut the presumption that they were given in payment of a debt.

Appeal from circuit court, New York county.

Action by Robert J. Mills against John Curran to recover money loaned. Before trial, defendant died, and Elizabeth McMullen and others, as administrators of his estate, were substituted as defendants. From a judgment dismissing the complaint, plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George H. Starr, for appellant.

VAN BRUNT, P. J. This action was brought to recover the sum of $1,500 alleged to have been loaned by the plaintiff to the defendant John Curran. The defendant answered denying each and every allegation of the complaint. Before the trial, the defendant Curran having died, his administrators were substituted as defendants.

Upon the trial it was endeavored to prove the loan of the moneys by the plaintiff to the defendant Curran, by establishing the fact that the plaintiff had given to the defendant Curran checks for a certain amount; and a witness by the name of Dahlman was called, who testified that he had had transactions with Curran by selling horses to him, for which Curran made payments during the year 1888; and a check for $400 was presented to the witness, and he stated that the indorsement thereon was made by Curran, and that

the check was received by his firm in payment for horses, and was placed to the credit of Curran upon the firm books, which the witness produced. It appeared, from the evidence, that the witness had no recollection whatever of the transactions with Curran, outside of the entries in his books, and that these entries were not made by him. A motion was thereupon made to strike out all the testimony of the witness, except as to the fact that he had the check in his possession, and that it was indorsed by the defendant Curran. This motion was granted, and it is claimed to be error; it being now urged that the objection to the receipt of the entries in the book as evidence did not go to the point that their accuracy was not sufficiently shown, or that sufficient foundation had not been laid for their introduction, and that, if that had been the objection, it might have been cured by the introduction of further preliminary proof.

It is difficult to see how, in connection with the testimony of the witness, any of the entries in these books could possibly be evidence. No witness had been sworn or examined who had any personal knowledge of these transactions, or who made the entries in the books and could testify as to their accuracy. The motion was directed entirely to the testimony of Dahlman, and as to what he learned from the books in respect to transactions about which he had no recollection; his testimony being based upon entries in the books, as to the correctness of which he had no knowledge. The books were not offered in evidence, but the testimony of Dahlman was given, and that was stricken out. There seems to have been no error whatever in striking out all of Dahlman's testimony, except that which related to the possession of the check and its indorsement by Curran. And it is to be observed that, even if the testimony of Dahlman were allowed to remain, it could not have affected the case at bar. The fact that the plaintiff gave Curran the check, and that Curran gave the check to Dahlman, proved nothing. The case of Nay v. Curley, 113 N. Y. 575, 21 N. E. 698, expressly holds that the giving of a check is presumptively the payment of a debt, and, to raise the presumption that it was a loan, additional proof is required to be given. This rule was recognized by the counsel for the plaintiff when he attempted to introduce in evidence the stub in the plaintiff's check book upon which stub was the following memorandum: "Dated May 22, 1888, order of John Curran, for loan." This was sought to be introduced as part of the res gestæ, as is claimed. But it is difficult to see upon what theory the entries in the plaintiff's own book, in his own interest, could possibly be evidence against John Curran. It might just as well be claimed that, if somebody had been standing by at the time the plaintiff drew his check, Curran being absent, and the plaintiff had told the bystander that he drew the check for a loan to Curran, such declaration could be used as evidence against the latter. It is clear that no such declaration of the plaintiff could be offered in evidence under such circumstances, and the entry in his check book is of precisely similar character. In considering this question, we

have not overlooked the case of Bank v. Madden, 41 Hun, 116. But no such question was decided in that case, and it is not an authority for any such proposition.

The above views dispose of the objection to the ruling in regard to the stubs relating to the other checks. It is conceded by the counsel that, in respect to the admissibility of these stubs, they stand upon the same footing as that of the check first above mentioned. None of the authorities cited by the appellant seem to sustain any such proposition as is contended for here.

The judgment and order appealed from should be affirmed, with costs. All concur.