MANNING et al. v. SCHMITT.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

WITNESS—COMPETENCY—TRANSACTION WITH DECEDENT.

Under Code Civ. Proc. § 829, which prohibits a party from testifying, in his own behalf, against the personal representatives or survivor of a deceased person, as to a personal transaction between the witness and such deceased person, where, in an action by a partnership, one of the partners died before the trial, the testimony of defendant as to an oral warranty made by the deceased partner was incompetent.

Appeal from trial term, New York county.

Action by Alfred C. Manning and James S. Manning, partners as A. C. Manning & Co., against Robert Schmitt. Judgment for defendant, and plaintiffs appeal. Reversed.

The action was brought to recover the balance of the purchase price of a gas engine sold and delivered by plaintiffs to defendant. The defense was breach of warranty, and a counterclaim for a part of the purchase money paid and for damages. The defendant made and delivered to plaintiffs an order for the engine, which plaintiffs received, and under which they delivered the engine. The purchase was made April 29, 1889. The total purchase price was $377, of which $190 was paid at the time of the delivery of the engine. The warranty was alleged to have been by parol, and was proved by the defendant's evidence alone. There was no other witness sworn on the subject. The plaintiffs were co-partners, and were father and son. The son was not present at the sale, and had nothing to do with it. The father and plaintiffs' bookkeeper represented the firm in the transaction, and it was with them the interview took place which constituted the warranty upon which the defense was based. The elder member of the plaintiffs' firm died April 20, 1891, after the action was begun, but before the trial, which took place in December, 1892. The evidence of the defendant with reference to this interview and warranty was objected to when it was given, on the ground that the partner with whom it was had was deceased. Another interview between defendant and this same partner was allowed to be testified to by the defendant as having taken place after the disagreement as to the engine had arisen. This was also objected to when it was given. Then a motion was made, later, to strike out all this evidence, which motion was denied. Exceptions were taken by plaintiffs' counsel to these several rulings. The case was submitted to the jury, and they were instructed that, upon this evidence, they might find a warranty as alleged, and, if there was a breach, they might render a verdict in favor of defendant upon his counterclaim, which they did.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John J. Connelly, for appellants.

Arthur S. Tompkins, for respondent.

WILLIAMS, J. It was clearly erroneous to permit defendant to testify to personal interviews with the member of plaintiffs' firm who was, at the time of the trial, deceased. Section 829 of the Code prohibits the giving of such evidence. It cannot be claimed the objection was not brought to the attention of the court with sufficient clearness. When the subject first arose, the court said: "Strike out the testimony that he had this conversation with a man who is alleged to be dead." The next time the question was presented, the objection was put upon the express ground that it already ap-

peared that the conversation was with the partner who had since died, and the court said: "If you want to put that in, I shall allow you to do it, but at the same time say, as I have said before, it is extremely doubtful, and I do not see that it is necessary to your case. If you think it is, and want to take the risk, I will allow it." And again, when the later interview was offered to be proven, and objection was made that it was within the provisions of the statute, the court said: "If you want to take the risk, I will let it go in." The objections were not very definite. They might have been more specific, but it is apparent that the court was fully apprised and was well aware of the grounds of the objections. They were grounds which in no way could have been obviated. The defendant was incompetent to give evidence of either of these interviews, and it was error to permit him to give it.

For this error the judgment should be reversed, and a new trial ordered, with costs to appellants to abide event.    All concur.