(77 App. Div. 621.)

## STIRLING v. KELLEY et al.

(Supreme Court, Appellate Division, Fourth Department.   December 16, 1902.)

1. PARTITION—WITNESSES—TRANSACTION WITH DECEASED PERSON.

Where, in partition, defendant claimed that the property, though standing in the name of his deceased father, belonged to a partnership composed of his father and himself, and his testimony on a previous trial that the premises belonged to his father, who owned the grocery business, and that he was working for his father, was read to him, as a witness he was not precluded from explaining such testimony in any manner which did not involve a personal transaction with his father, by Code Civ. Proc. § 829, prohibiting a witness from testifying as to personal transactions with a deceased person.

2. SAME—PREJUDICE.

Where the court erroneously refused to permit a witness to explain testimony given in another suit, which tended to contradict the witness' claim, on the ground that any such testimony would be inadmissible, as a personal transaction with a deceased person, and thereafter the court, in its charge, laid particular stress on such previous testimony, such error cannot be held without prejudice.

Appeal from trial term, Erie county.

Action by Catharine Stirling against Matthias J. Kelley, impleaded with others.   From an order denying defendant Kelley a new trial, he appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Harry D. Williams, for appellant.
August Becker, for respondent.

SPRING, J.   The action is partition, brought by one of the heirs at law of Patrick Kelley, deceased, intestate, for the division of several tracts of valuable real estate in the city of Buffalo.   The appellant, Matthias J. Kelley, a son of the decedent, answered, asserting that he and his father had been copartners in business for many years, and that the real estate in question was purchased from the avails and profits of this copartnership, and with the understanding that, while the title was taken in the father, it was embraced within their copartnership, and that an undivided one-half thereof belonged to the son, and asked for an accounting and a partition of said lands, in recognition of said co-partnership.   The controversy, therefore, centered around the issue as to the existence of this copartnership, and it involved a fair question of fact, which was submitted to the jury upon a specific written question.

It appeared that in 1877 one Higham, a contractor, had erected a building upon the Kelley premises; and, in an action to enforce a mechanic's lien filed by him, both Kelley and his son were witnesses. The testimony given by the former upon that trial was received in evidence without objection, wherein he stated that he owned a part of the property in suit.   The testimony given by the son in that case was also received, in which he testified that these premises belonged to his father, that the father owned the grocery, and that he (the son) was working for him.   The appellant was thereupon placed upon the stand,

and, after his attention had been directed to this testimony, he was asked if he had "anything to say in explanation of that evidence." This was objected to and excluded upon the ground that the witness was disqualified from giving any explanation, under section 829 of the Code of Civil Procedure, as his father was present in court at the time that evidence was given. We think the objection is untenable. The testimony was given in a public trial, and involved no communication between the father and the son. Beyond that, it is a general principle of evidence that, when a witness' preceding testimony or declaration had been adduced, it is always subject to explanation by him. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. In this case the witness may, perhaps, have been able to weaken the force of the damaging testimony; and he was not prohibited from so doing by section 829 of the Code, unless the explanation sought involved a personal transaction or communication with the decedent. Lewis v. Merritt, 98 N. Y. 206; Merritt v. Campbell, 79 N. Y. 625; Sanford v. Sanford, 5 Lans. 486; Markel v. Benson, 55 How. Prac. 360; Howe v. Schweinberg (Com. Pl.) 23 N. Y. Supp. 607. The fact that the counsel for the appellant did not indicate the character of his proposed explanation did not warrant the exclusion of this evidence. Hopler v. Arms Co., 64 App. Div. 80–83, 71 N. Y. Supp. 687. That objection was not suggested either by court or counsel at the trial. The only criticism offered by the counsel for the plaintiff upon the trial was that the witness was incompetent under section 829 of the Code, and that was the only ground upon which its exclusion was based. We cannot say the exclusion of this evidence was not harmful to the defendant. The court, in his charge, laid much stress upon this testimony of the defendant in the Higham Case, wherein he stated that he was not in copartnership with his father in the grocery business, but worked for him. The court characterized these statements as "an important bit of evidence," and a "strong circumstance against his contention" upon this trial, and called attention to the fact that they were given under oath; commenting at considerable length upon the testimony and its importance. This testimony must therefore have had weight with the jury. While it may not occur to us just what satisfactory explanation could be made to deaden the sting of this important evidence, yet appellant ought to have been given that opportunity, within reasonable limits, and assuming he violated no rule of evidence.

Order reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur.