GUTMAN v. WOLFSOHN.

(Supreme Court, Appellate Term.   December 12, 1907.)

1. MONEY LENT—PRESUMPTIONS AS TO LOAN—CHECKS—PAYMENT.
    Unless it appears otherwise, the giving of a check is presumed to be in
    payment of a debt, and not the making of a loan.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Lent, § 11.]

2. SAME—SUFFICIENCY OF EVIDENCE.
    In an action to recover money lent, evidence *held* insufficient to show
    the alleged loan.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Money Lent, §§
    11–13.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph M. Gutman against Henry Wolfsohn.   From a
judgment for plaintiff, defendant appeals.   Reversed, and new trial
ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

M. & B. Jaffe, for appellant.

Benjamin B. Fridman, for respondent.

GUY, J.   Appeal from judgment rendered in favor of plaintiff.
Complaint alleges an account stated amounting to $1,523.16 for goods
sold and delivered and moneys loaned, payments thereon to the extent
of $1,306.90, and a balance remaining due of $216.26.

On the trial of the action no evidence was introduced by plaintiff as
to the stating of the account, which is denied by the defendant.   Plain-
tiff's counsel stated to the court: "There are only two items in dispute
now; $75 and $30, money loaned.   The only thing disputed is that the
money was loaned.   They admit they didn't repay it, but they say they
never received it."   This statement appears to have been uncontra-
dicted.   Plaintiff offered in evidence two checks for the above amounts,
which he said he gave to the defendant on the days of their respective
dates, and that he was never repaid the amounts.   Defendant on the
other hand testified that plaintiff came to him and borrowed money to
pay his employés, in each instance two days before the date of plain-
tiff's checks; that defendant drew his own checks and sent his book-
keeper to the bank, obtained the money, and gave the same to the
plaintiff, taking in return therefor the checks of plaintiff dated ahead;
and that he never borrowed any money from plaintiff as represented
by said checks.   He was corroborated by his bookkeeper as to going
to the bank, obtaining the money, and handing the same to the plain-
tiff.

The presumption of law would be that the giving of a check, with-
out evidence as to the circumstances, would be in payment of a debt
and not the making of a loan.   Nay v. Curley, 113 N. Y. 577, 21 N.
E. 698.   While this presumption of law might be overcome by evidence
as to the circumstances under which the checks were given, there
is an entire absence of such evidence in this case.   The plaintiff does
not state that he loaned the defendant the respective amounts repre-

sented by the checks, except so far as the statement is made in his bill of particulars, and the evidence shows clearly that in coming to such conclusion he relies upon his books which are admittedly inaccurate. On the other hand, the defendant absolutely denies the loan, and his testimony is corroborated by that of his bookkeeper and the surrounding circumstances.

The plaintiff has failed to make out his case by a preponderance of evidence, and the court clearly erred in directing judgment in plaintiff's favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.