HARRY C. HARRIS, Respondent, v. BESSIE ABRAMSKY, as Administratrix, etc., of BARNET ABRAMSKY, Deceased, Appellant.— Judgment and order reversed on the law and the facts, and a new trial granted, with costs to abide the event, on the ground that it was error to permit the plaintiff, over objection, to testify that the decedent gave him the check " on account of the commissions;" also, as to what the decedent said in answer to plaintiff's request to let him have $25 " on account," and as to decedent's acquiescence. We think the plaintiff was disqualified under section 347 of the Civil Practice Act* to testify to a personal transaction between himself and the deceased, and that his testimony was not justified by the receipt in evidence of the check. (*Matter of Callister,* 153 N. Y. 294.) *Nay* v. *Curley* (113 N. Y. 575) did not turn upon the statute, but upon the part conversation rule permitting the reception of the whole conversation. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

ELSIE J. HASSALL, Appellant, v. TERESA PONTECORVO and Others, Respondents.— Judgment of the County Court of Queens county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

BENJAMIN HERSCHMAN and Others, Appellants, v. HARRY FISCHER, Doing Business as EUREKA KNITTING MILLS, Respondent.— Judgment reversed upon the law and the facts, and a new trial granted, with costs to abide the event. It was error to permit defendant to testify to the conversation he had with the deceased partner Herschman. (*Manning* v. *Schmitt,* 4 App. Div. 131.) It related to the breach itself and, incidentally, to the market value of the silk, and was, therefore, serious in its effect upon the result. The fact that the plaintiff Rader is claimed to have been present does not affect the intent of the statute,† which excludes one interested from maintaining by his testimony an issue which in any degree involved a communication or transaction between himself and the deceased person, and the fact that others were present does not change the character of the testimony. (*Holcomb* v. *Holcomb,* 95 N. Y. 316, 325; *Griswold* v. *Hart,* 205 id. 384.) The appeal from the order denying the motion for a new trial upon the ground of newly-discovered evidence is dismissed, without costs. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

---

* Formerly Code Civ. Proc. § 829.— [REP.

† See Civ. Prac. Act. § 347; formerly Code Civ. Proc. § 829.— [REP.