In the Matter of the Estate of WILLIAM R. SEIGLE, Deceased.

Surrogate's Court, Westchester County, November 18, 1941.

*Lydecker & Voss* [*Charles A. Voss* of counsel], for Hilda O. Seigle and Julius Rothschild, as executors, etc.

*Littleton & Levy* [*Richard. H. Brown* of counsel], for the objectants.

*Burton C. Meighan, Jr.,* special guardian.

. MILLARD, S. By order of the Appellate Division, Second Department, dated June 23, 1941 (262 App. Div. 879), the decree of this court dated March 4, 1941 (referred to in the aforesaid order of the Appellate Division as the decree of February 28, 1941), settling the accounts of the executors herein, was modified in so far as it disallowed two claims against the within estate made by one Elizabeth Smoot Seigle, and the proceeding was remitted to this court for rehearing and determination as to the issues presented by the objections to the executors' rejection of said claims. One claim, in the face amount of $1,062.26, relating to the attempted apportionment by the executors of certain taxes and insurance paid by decedent having been disposed of by settlement, there remains for determination only the issues raised with respect to the objections to the rejection of the claim in the sum of $7,500 based upon a promissory note to the order of the claimant executed by the decedent during his lifetime.

On the rehearing the claimant, a divorced wife of decedent, offered in evidence without objection the aforesaid promissory note, dated May 29, 1936, in the amount of $7,500 payable on demand

to the order of Elizabeth Seigle, and rested. The executors thereupon offered in evidence six checks signed by decedent, totaling $7,500 in varying amounts of $500, $1,000, $1,500, and $2,500. All of said checks were dated between June 2, 1937, and October 21, 1938. It was conceded that all of said checks were either credited to the claimant or to her account and charged against the decedent's account in the bank upon which they were drawn. These checks were admitted over objections as to their relevancy and materiality but no objection was made to their competency. Ordinarily such checks would raise the presumption arising from the delivery of a check, that it was in payment of a debt and not as a loan. (*Nay* v. *Curley*, 113 N. Y. 575.)

Counsel for the executors also offered in evidence a separation agreement made between decedent and claimant and dated February 12, 1934. The separation agreement was received in evidence over claimant's objections as to its relevancy and materiality but not as to its competency. This agreement had been received in evidence on the previous hearing as bearing upon other issues. By the offering in evidence of the separation agreement, the executors established a further indebtedness of decedent to claimant in the sum of $150,000. The executors then offered in evidence a second series of checks payable to the order of the claimant made by the decedent during his lifetime for the purpose of establishing that the amount of the installments under the separation agreement, maturing prior to decedent's death, admittedly totaling $73,125, had been paid in full. These checks were also admitted over claimant's objection as to relevancy and materiality but not as to competency.

Claimant's counsel then made an offer which the court accepted as an offer of proof to produce the claimant to testify to a personal transaction or communication with decedent for the purpose of rebutting any presumption of payment arising from the receipt in evidence of the series of checks totaling $7,500, contending that the reception in evidence of the checks offered by the executors to establish payment of said note, opened the door, and rendered admissible such testimony of claimant, which would otherwise be incompetent under section 347 of the Civil Practice Act, to rebut any presumption of payment. The first question, therefore, presented is whether, under such circumstances, the claimant is competent to testify to a personal transaction or communication with decedent to rebut any presumption of payment arising from the delivery of said checks in the sum of $7,500.

I previously held (176 Misc. 15) that under section 347 of the Civil Practice Act, the claimant was not competent to testify as to such a transaction or communication to rebut the presumption

of payment, on the authority of *Matter of Callister* (153 N. Y. 294). I adhere to my previous determination in this regard. Under section 347 of the Civil Practice Act an adverse party, whose testimony would otherwise be incompetent, is rendered competent to testify against a deceased person where the estate representative is examined in his own behalf, or the testimony of decedent is given in evidence concerning the same transaction or communication. It has been held in effect that the protection afforded by said section is also waived where the estate representative examines the adverse party regarding a personal transaction or communication with decedent since the adverse party may then testify to the entire transaction. (*Nay* v. *Curley, supra.*)

As the executors were not examined in their own behalf and the claimant was not examined by the executors, the claimant's competency as a witness against decedent depends upon whether the admission of such checks constituted testimony of a deceased person, within the meaning of section 347 of the Civil Practice Act.

In *Matter of Callister* (*supra*) a note payable to the claimant, who was the widow of decedent, was offered in evidence by the decedent's next of kin to raise the presumption of payment of all pre-existing demands between decedent and claimant. The trial court then permitted the claimant to testify in her own behalf to rebut this presumption. The Court of Appeals there held that the admission of claimant's testimony was erroneous and although the note was evidence, it was not the " testimony of a deceased person," and that the protection of the section of the Code of Civil Procedure corresponding to section 347 of the Civil Practice Act was not thereby waived.

In my opinion the *Callister* case is controlling, and the reception in evidence of such checks did not render the claimant competent to testify against the estate to any facts relating to a personal communication or transaction with the decedent to rebut any presumption arising from the delivery of such checks since such checks did not constitute " testimony of a deceased person " within the meaning of section 347 of the Civil Practice Act.

The determinations in *Merritt* v. *Campbell* (79 N. Y. 625) and *Nay* v. *Curley* (*supra*) are not to the contrary. These cases are authority for the holding that the section of the Code of Civil Procedure corresponding to section 347 of the Civil Practice Act did not affect the application of the rule that " If a party calls the adverse party and examines him as to a personal communication or transaction with a deceased person, in reference to which he would be precluded from testifying in his own behalf under that section, the witness is entitled to state the whole transaction or conversation

and thereby explain or qualify the testimony called out by the other party." (*Nay* v. *Curley, supra,* 579.) However, the ruling of these cases may not be invoked where the executor does not call or examine an adverse party as a witness.

The separation agreement and the series of checks designed to prove payment of the amounts becoming due thereunder to the date of decedent's death, also offered in evidence by the executors, are in the same category as said checks totaling $7,500. Neither the separation agreement nor the series of checks designed to prove payment of the amounts becoming due thereunder constituted. "testimony of a deceased person" within the meaning of the provisions of section 347 of the Civil Practice Act. (See *Matter of Callister, supra.*)

There still remains to be considered the effect of the proof and concessions with respect to the separation agreement and the checks offered to establish payment of the amounts due thereunder. The Appellate Division previously held that it did not appear that the payments evidenced by the series of checks totaling $7,500 were in payment of the note rather than applicable toward the payment of the amount due under the separation agreement. Claimant's counsel stated on the rehearing, however, that it was never suggested that the checks in the sum of $7,500 were in payment of any amount becoming due under the separation agreement. Claimant's counsel has conceded in effect that the installments under the separation agreement maturing prior to decedent's death, admittedly totaling $73,125, had been paid in full, and that the payments evidenced by said checks totaling $7,500 were made in addition to those payments made under said separation agreement. It was further conceded that at the date of death of decedent, there was owing under said agreement a balance of $76,875, which became due on decedent's death.

On the rehearing no evidence of any indebtedness of decedent to claimant was offered other than the obligation evidenced by the aforesaid note and the amounts becoming due under the separation agreement. It having been conceded that all installments owing under the separation agreement were paid as they became due, and that the payments evidenced by the checks totaling $7,500 were made in addition to any amounts paid under the agreement, the court may not presume that decedent owed any other obligations to claimant. On the contrary, the reception in evidence of the note in the sum of $7,500 not only established decedent's indebtedness to claimant in that amount, but also raised the presumption that the note was in settlement of all pre-existing demands between the parties (*Matter of Callister, supra*), excluding any further

indebtedness created by the separation agreement. The payment in full of the amounts due under the separation agreement having been conceded and it having been stipulated that said payments totaling $7,500 were made in addition to those made under the separation agreement, such checks raised the presumption that they were delivered in payment of the said note, there being no evidence of any other indebtedness to which such payments might be applied. In the absence of explanation the presumption arising from the delivery of a check is that it was delivered in payment of a debt and not as a loan. (*Nay* v. *Curley, supra.*) The law does not presume a gift. (*Grey* v. *Grey*, 47 N. Y. 552.) In the absence of evidence of some indebtedness other than that established by the note in the sum of $7,500, and there being no evidence to explain the payments evidenced by the checks totaling this amount, it must be presumed that the checks were delivered in payment of the only indebtedness found to exist. (*Warner* v. *Warner*, 199 App. Div. 159.)

In view of the concessions made by claimant's counsel, the admission in evidence of the separation agreement and the checks received to establish payment of the installments becoming due thereunder, are of no importance. Said agreement and the checks received to establish payment thereof were admissible for the purpose of establishing that the obligation of decedent created by said separation agreement had been paid in full as a means of sustaining the presumption that the checks in the sum of $7,500 were in payment of the note. It was stipulated that $73,125 became due under the separation agreement prior to decedent's death. It was conceded by claimant's counsel that the total amounts due under the separation agreement had been paid in full. It was stipulated that such payments totaling $7,500 were made in addition to those made under the separation agreement, after the executors had established independently thereof payments of $70,786.81 under the sepatation agreement. The second series of checks offered by the executors established payment in full of the amounts becoming due under the separation agreement prior to the decedent's death, excepting for the sum of $2,338.19. In view of the concessions, the separation agreement, and the checks to establish payment of the amounts becoming due thereunder, are in effect merely cumulative evidence and in no manner prejudicial to the claimant.

I, therefore, adhere to my previous determination herein disallowing objectant's claim upon the note in the sum of $7,500 dated May 29, 1936. Objectant's claim based upon said note is, therefore, disallowed, and objection designated (3) to the rejection thereof is overruled and dismissed.

Settle decree accordingly.