In the Matter of the Estate of NELLIE WEST BASHFORD, Deceased.

Surrogate's Court, New York County, April 23, 1942.

*Mitchell, Taylor, Capron & March,* for the City Bank Farmers Trust Company, respondent.

*Charles Pilatsky,* special guardian.

DELEHANTY, S.   This is a proceeding under section 206-a of the Surrogate's Court Act to determine the title to a cash sum of $2,500 which was found in a sealed envelope on which was written by deceased the date " 3–5–40 " and the further words " for C. W. Bronson."   The envelope was in a safe deposit box rented jointly to deceased and petitioner.   Each of them received keys to the box.   The proof is that each of them had access to the box in fact. Such proof indicates that petitioner never went to it alone, though deceased did so.   All visits to the box other than the sole visits of deceased were joint visits.

The proof establishes, and there is no dispute, that petitioner had no resources which would account for the ownership by her of $2,500 in cash; and that the cash, originally at least, was the sole property of deceased.   The question presented on the record is whether or not a gift of the cash to the petitioner has been established.

There is no presumption in favor of a gift. (*Nay* v. *Curley*, 113 N. Y. 575, 578; *Grey* v. *Grey*, 47 id. 552.) In an opinion labeled a dissenting opinion but actually constituting the opinion of an unanimous court on this point, the Court of Appeals held in *Matter of Kelly* (285 N. Y. 139, 142, 150) that "joint custody negatives any idea of a gift (*Young* v. *Young*, 80 N. Y. 422)." In the case cited in the excerpt just quoted the Court of Appeals said in respect of certain bonds that "if they were placed in the joint custody or possession of himself and the donee, there was no sufficient delivery to constitute a gift." The same rule of law is stated in *Matter of Van Alstyne* (207 N. Y. 298, 309), where *Young* v. *Young* (*supra*) was cited with approval.

Since a joint custody of the envelope not only fails to support the claim of gift but negatives it, the only remaining basis upon which petitioner may argue for an adjudication in her favor is that the inscription on the envelope constitutes proof of a gift completed prior to deceased's death. The principles applicable to this claim are sufficiently discussed in *Matter of Kessler* (173 Misc. 716.) The court holds in fact that the inscription on the envelope does not refer to a theretofore completed gift but on the contrary is a declaration by deceased merely of an intention that the money in the envelope should pass to her sister, the petitioner, upon deceased's death. (*Matter of Watson*, 177 Misc. 308, 319.) So far as any reported declarations of deceased in respect of the money are concerned it may be doubted whether they refer to the fund but if this be assumed such declarations make clear beyond peradventure that deceased was thinking in terms of her death and of the benefit *then* to be conferred upon her sister. In other words, the claim of gift and of title to the fund fails in all respects.

Certain consents to allowance of the claim are among the papers. The infants whose capital is involved do not and cannot consent. The trustee vigorously contests the claim. In any event, no consents may operate to appropriate even in part the capital of a testamentary trust. (*Matter of Wentworth*, 230 N. Y. 176.)

Submit, on notice, decree adjudging that the fund in controversy is the property of the estate of deceased.