■ In the Matter of the Estate of JOHN J. DEUTSCH, Deceased. MORTON J. DEUTSCH, Appellant; IRENE A. SCHMITT, Respondent.—In a proceeding to judicially settle an account, the executor appeals, as limited by his brief, from (1) so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated April 8, 1982, as held that the funds on deposit in certain joint bank accounts at the date of decedent's death were assets of the estate and directed the executor to file an amended account in connection therewith; and (2) so much of an order of the same court, dated September 1, 1983, as directed that the April 8, 1982 order remain in full force and effect but amended the same to surcharge the executor the total principal sum of $22,925.

Order dated April 8, 1982 modified, on the law, by deleting the first and third decretal paragraphs and substituting therefor a provision dismissing objection No. 6 in the "Objections to Account" sworn to May 12, 1980. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Order dated September 1, 1983 modified, on the law, by deleting the second decretal paragraph and substituting therefor a provision dismissing that part of objection No. 7 in the "Objections to Account", sworn to May 12, 1980, as concerned the withdrawal of $7,000 on March 3, 1977. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

We disagree with the conclusion of the Surrogate's Court that objectant's underlying theory was one of constructive trust even though phrased in terms of a convenience account theory. Objectant has not, on this record, sustained the burden of rebutting the presumption of survivorship created by the form of the joint bank accounts *(see, Matter of Camarda,* 63 AD2d 837, 838). Thus, the estate was not entitled to the proceeds thereof.

The executor has not, however, overcome the presumption that the $10,000 transaction recited in objection No. 7 and the two transactions totaling $7,500 recited in objection No. 10 were loans *(see, Nay v Curley,* 113 NY 575; *Matter of McNally,* 54 AD2d 1103, 1104). As he took no steps to recover those estate assets, the executor was properly surcharged those sums.

We have examined the executor's remaining contentions

and find them to be without merit. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.