Weiss v Kazmac (2025 NY Slip Op 50977(U))

[*1]

Weiss v Kazmac

2025 NY Slip Op 50977(U)

Decided on June 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570401/25

David Weiss, Plaintiff-Appellant,
against
Britt Kazmac, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Jeffrey S. Zellan, J.), entered May 31, 2024, after trial, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Jeffrey S. Zellan, J.), entered May 31, 2024, reversed, without costs, and a new trial ordered.
Plaintiff instituted this small claims action to recover "money loaned" to defendant in the sum of $6,500. At trial, plaintiff testified that he made two loans to defendant totaling $6,500 to assist her in finding an apartment and paying the first and last month's rent. Defendant acknowledged receipt of the funds and further acknowledged that she subsequently prepared and signed a written agreement stating that "in consideration of receiving the sum of $6,500 from [plaintiff], [defendant] agrees to reimburse [plaintiff] the sum of $6,500 as requested" and that the "amount of $25 will be sent ... each month commencing on March 2024 ...."
On these undisputed facts, the dismissal of the action, upon a finding that plaintiff failed to prove that the conveyances were loans, did not achieve substantial justice between the parties consistent with substantive law principles (see CCA 1804, 1807). Plaintiff's testimony and documentary evidence established a prima facie case that the checks were given as a loan. The burden then shifted to defendant to prove that the conveyances were gifts, as she alleged (see Gruen v Gruen, 68 NY2d 48, 53 [1986]; Nay v Curley, 113 NY 575, 577-578 [1889]). The court did not make any finding as to whether defendant met her burden on this issue. While this Court can make its own findings (see CPLR 5501; Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), this is not the proper case for the exercise of that power, since much would depend on the credibility of the witnesses (see Power v Falk, 15 AD2d 216, 218 [1961]). In the circumstances here, we deem it appropriate to remand for a new trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 16, 2025