MAY TERM, 1838.

Martien v. Barr.

---

## MARTIEN v. BARR.

Where, on a trial before a J. P. defendant has been called on by pltf. to testify, and an appeal is taken to the circuit court—on the trial in the circuit court, the plaintiff will not be allowed to prove what was admitted or disclosed by defendant in his examination before the justice.

ERROR to the circuit court of Cooper county.

*Hayden* and *Adams,* for appellant:

The only point in this case is, whether the circuit court erred in rejecting the testimony offered, and in overruling the motion for a new trial?

There is no rule of evidence better established than that the admissions of a party are always testimony against himself, and upon this ground the judgment of the circuit court ought to be reversed—see Swift's Digest, 126; 1 Starkie's Ev. 61; 2 Starkie's Ev. 20, 22; 1 Phil. Ev. 74, 286, note (b.) Rex v. Clarke, 8 T. R. 220; *et passin.*

*Wilson* of Cooper, for appellee.

We deny that the circuit court erred in excluding the testimony. 1. Because it is a general rule of evidence that

will not be denied, that hear-say testimony is inadmissable, and that the best testimony the nature of the case will admit of must be produced. The defendant had properly testified before the justice in the same cause, and the circuit court having taken possession of the cause *de novo*, it was still competent for the plaintiff to introduce the defendant as a witness, and in the event of the refusal of the defendant to testify, the plaintiff might have testified himself; either of which would have been better testimony.

2. Because it would have defeated the object of the statute. If he had have been permitted to introduce this evidence, he might have introduced afterwards other testimony, and have thus made out a chain of testimony to suit his own side of the case; and by thus managing, first getting defendant's testimony before the justice, prove in the circuit court by another witness what that testimony was, and afterwards connect it with other facts by still further testimony, (and defendant, not being a witness in the circuit court, would be unable to explain,) it would be an evasion of the statute, which enacts that after the examination of either party as a witness, no further evidence shall be given—Statutes of Mo. page 361, section 16.

TOMPKINS, Judge, delivered the opinion of the court.

Martien sued Barr before a justice of the peace, and judgment being rendered against him by the justice, he appealed to the circuit court, where judgment being again given against him, he sued out his writ of error to reverse that judgment.

It appears from the bill of exceptions that Martien, the plaintiff in error, offered to give as evidence in the circuit court the testimony of Barr before the justice of the peace, and that the court refused to permit him to do it. For this reason he moved to set aside the verdict and for a new trial. The circuit court overruled his motion.

The only point made is, whether the circuit court committed error in refusing to permit evidence of the testimony of Barr before the justice? Barr, the defendant, had been examined as a witness before the justice of the peace conformably to the provisions of the act to establish justices courts—see 16th and 17th sections of the 5th article of that act, page 361 of the Digest of 1835; and the plaintiff sought to give evidence of that testimony by him there given under the head of admissions, as

by def. in his ex-
amination before
the justice.

known in treatises on evidence. These admissions are such as a party voluntarily makes, thereby sometimes disclosing evidence favorable to his antagonist. The 16th section above cited allows either party to require the other to be sworn. The 17th section permits either party to summon the other to testify. Each of these sections is an encroachment, and a considerable one, on the common law rule that no party to a suit shall be required to testify against himself, and they ought, in my opinion, to be construed strictly. It has never been decided by this court whether, in cases brought up from the justices' court to the circuit court, in which one of the parties had been examined before the justice, he could also be examined as a witness in the circuit court. But it seems to me much more reasonable that this should be permitted, than that evidence should be given of what the party swore before the justice. A plaintiff might well depend on the testimony of a defendant to sustain his cause before a justice of the peace, and for want of that evidence he might lose the same cause before the circuit court. The law permits him to probe the conscience of the defendant, leaving to the defendant also the care of his own interests. If a witness be permitted to testify to the circuit court concerning the evidence given by the defendant on the trial before the justice, the defendant loses the right of taking care of himself, which he had before the justice, and is exposed to the risk of having his testimony misrepresented by the friendly witness of the plaintiff.

It appears to me to be against equity to permit evidence to be given before the circuit court of the declarations of the defendant before the justice. The judgment of the circuit court ought, in my opinion, to be affirmed, and Judge EDWARDS concurring with me, it is affirmed.

EDWARDS, Judge—I concur in the foregoing opinion.

McGIRK, Judge—I dissent.