MARY MAHONEY, as Administratrix, etc., of PATRICK MAHONEY, Deceased, Respondent, *v.* WILLIAM JONES, Appellant.

*Witness — a party called by an administratrix to testify to his purchase of goods from the decedent may testify in his own behalf that he paid for them.*

A party defendant called by the plaintiff, the administratrix of a decedent, in an action to recover for merchandise sold, to testify that he purchased such merchandise, is not prevented, by section 829 of the Code of Civil Procedure, from testifying, on his cross-examination, that he paid the plaintiff's intestate for the merchandise thus purchased.

MERWIN and PUTNAM, JJ., dissented.

APPEAL by the defendant, William Jones, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 20th day of September, 1898, upon the verdict of a jury rendered by direction of the court.

This action was brought by the plaintiff, as administratrix of her deceased husband, to recover for milk sold by him to the defendant and delivered at his creamery in 1895.

*T. F. Bush,* for the appellant.

*John D. Lyons,* for the respondent.

LANDON, J.:

The plaintiff to maintain her action called the defendant as a witness, and upon the direct examination he testified that, in November, 1895, he purchased of the plaintiff's intestate and received from him, milk of the amount and value of sixty-six dollars and twelve

cents. The defendant's counsel then by various questions upon cross-examination sought to prove by the witness that upon a day subsequent to such purchase he paid the plaintiff's intestate in full therefor. The plaintiff objected to the several questions under section 829 of the Code, and the objection was sustained and the witness was not permitted to answer. Upon the case thus presented the court directed a verdict for the plaintiff for sixty-six dollars and twelve cents and interest.

We are inclined to think that the objection ought not to have been sustained. It is not a case where the administratrix herself testified to the sale of the milk, and then the defendant as a witness in his own behalf sought to testify to the subsequent payment. In such a case it may be said that the defendant could open the door no wider than the plaintiff had done. (*Martin* v. *Hillen*, 142 N. Y. 144; *Rogers* v. *Rogers*, 153 id. 343.) The sale and payment were on different days, and we think different transactions within the meaning of section 829.

But here the plaintiff called the defendant as her witness and thus indorsed his credibility, and at her instance he was sworn to tell the whole truth, and was compelled by his conscience to testify to that step in the whole transaction which, standing alone, charged him with the price of the milk; and then she invoked section 829, which is based upon a supposed tendency of a party to falsify, if for his interest to do so, and if he knows he cannot be contradicted, and thus precluded him from testifying to the next stage in the transaction. Thus she suppressed, as we may assume, a material part of the truth when about to be disclosed by a person whose credibility she indorsed.

We are cited to no case strictly in point, unless we hold the payment to be part of the same transaction as the sale, and, therefore, admissible. (*Nay* v. *Curley*, 113 N. Y. 575.) We are not inclined to so hold. But we think that when the plaintiff called the defendant to testify in her behalf she clothed him with competency to testify generally like any other witness.

It was her privilege to call him as a witness, or to decline doing so and silence him by section 829 if he sought to testify to any part of the personal transaction between himself and her intestate. She called him, and thus waived her objection, at least in part.

In *Morris* v. *N. Y., Ontario & W. R. R. Co.* (148 N. Y. 88) it was held that, where a party had been attended by two physicians at the same time, in their professional capacity, and he called one of them to testify to his condition as that one then observed it, the party waived his privilege to object to the testimony of the other upon the same matter. The letter of the statute and many decisions seemed to point to a different result, but the court adopted the construction which justice requires. The spirit of that decision seems to be broad enough to cover the one we now make.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concurred, except MERWIN and PUTNAM, JJ., dissenting.

Judgment reversed, new trial granted, costs to abide the event.