BUSH v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. COSTS—EXTRA ALLOWANCE—GRANTING BEFORE FINAL JUDGMENT.
    Under Code Civ. Proc. § 3254, providing that an extra allowance of costs cannot exceed, in the aggregate, $2,000, where the issue raised by the answer of one of the defendants had not yet been tried, no extra allowance could be granted, since it could not be then determined which of the parties was entitled to costs.
2. SAME—LACK OF NOTICE—HOW CURED.
    An order for an extra allowance of costs to one defendant, made without notice to the other defendant, was invalid, and not cured by the subsequent waiver of service of notice by such party on a motion for the resettlement of the order, since the order must stand or fall by the papers presented on the application therefor.

Appeal from special term, New York county.
Action by Irving T. Bush against John O'Brien and others, as receivers. From an order granting defendants an extra allowance, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Frederic R. Kellogg, for appellant.
Laflin Kellogg, for respondents.

McLAUGHLIN, J. This action was brought by a taxpayer to restrain the collection of certain judgments referred to in the complaint upon grounds therein specified. The respondents herein, the comptroller of the city of New York and the city of New York, were made parties defendant. The respondents and the comptroller de-

murred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the city of New York interposed an answer. The demurrer was sustained, and from the interlocutory judgment entered an appeal was taken to this court, where the same was affirmed. Application was thereafter made and granted for leave to appeal from the judgment to the court of appeals, but the time in which to serve an amended complaint was not extended; and, that time having expired, the appellant gave notice to the respondents that he desired them to enter a final judgment, in order that he might appeal from it. Thereupon the respondents, upon an affidavit of one of their attorneys, and all the pleadings and proceedings in the action, moved for an extra allowance of costs; notice of the motion being given only to the plaintiff. The motion was granted, and the plaintiff has appealed.

Section 3254 of the Code of Civil Procedure provides that an extra allowance made to a party "in a difficult and extraordinary case"— the ground upon which the defendants here moved—cannot exceed in the aggregate $2,000. This is the most that can be allowed to all of the parties on one side, and, if there be more than one party,— plaintiff or defendant,—then, before an extra allowance can be made, it is absolutely necessary that all of them be given notice of the application, in order that their respective claims to an allowance may be then passed upon and determined. The question as to whether a party is entitled to an extra allowance of costs, of course, cannot be determined until the issues raised in the action, so far as all of the parties are concerned, have been finally adjudicated. Here the issue, so far as affected the respondents and the comptroller of the city of New York, had been finally determined by the demurrer; but the issue raised by the answer of the city of New York had not been tried when the order appealed from was made, and which of the parties was entitled to costs, so far as that issue was concerned, could not then be determined. It necessarily follows, therefore, that the motion was prematurely made, and for that reason the order must be reversed. An order granting an extra allowance cannot be made until all of the issues in the action have been disposed of, and final judgment can be entered; and whenever an issue, either of law or fact, remains to be determined as to any of the parties, a final judgment cannot be entered. This is obvious from the fact that there can never be but one final judgment in an action, and it matters not how many parties there may be to it, or how numerous the issues. Bucking v. Hauselt, 9 Hun, 635; Masters v. Barnard, 6 How. Prac. 113; Fales v. Knitting Co., 51 Hun, 487, 4 N. Y. Supp. 284; Crasto v. White, 52 Hun, 473, 5 N. Y. Supp. 718.

The order must also be reversed for the reason that all of the parties to the action did not have notice of the motion, did not appear on the hearing of it, and were not before the court when the order was made. Notice of the motion was given to the attorneys for the plaintiff, but not to the corporation counsel. The waiver of service of notice of motion on the attorney for the comptroller and the city of New York, filed by the attorney for the respondents on a motion for a resettlement of the order, did not cure this defect. Whether

an order shall be granted or not must be determined from the papers presented to the court when application is made for it. If granted, its validity depends upon and must be determined by those papers alone. And if, upon such papers, the order ought not to have been granted by reason of omissions or defects therein, such omissions or defects cannot be supplied or corrected by filing additional papers on a motion for a resettlement of the order.

Upon both grounds, therefore, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice, however, to the respondents' right to move for an extra allowance when final judgment in the action can be entered. All concur.