(55 App. Div. 538.)

MERCANTILE SAFE–DEPOSIT CO. v. DIMON et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. WITNESSES—EVIDENCE—TRANSACTIONS WITH DECEASED PERSON—REDIRECT EXAMINATION—MATTER NOT INCLUDED IN CROSS-EXAMINATION.

Where plaintiff claimed certain chattels under a gift causa mortis, and on cross-examination was questioned by deceased's administrator as to an affidavit she had made, and the purpose of the question was to show an admission in such affidavit contrary to the theory of a gift causa mortis, and not to prove what transpired at the time the gift was made, the contention that Code Civ. Proc. § 829, prohibiting the plaintiff in an action against a deceased person to testify as to any transaction with deceased "unless the administrator has offered evidence concerning the same transaction," entitled plaintiff to bring out the whole transaction referred to in the affidavit, because the affidavit referred to a personal transaction with deceased, cannot be sustained, since the affidavit was not offered to show a personal transaction with deceased.

2. SAME—AWARD OF COSTS.

Where plaintiff claimed all of the contents of a box deposited by intestate with a deposit company as a gift causa mortis, and the box contained some articles which were plaintiff's property, which after formal proof the administrator admitted, and the administrator obtained judgment for the other articles which plaintiff claimed, he was entitled to recover his costs, since he was successful on the only issue really involved.

Appeal from special term, New York county.

Interpleader by the Mercantile Safe-Deposit Company against Charles L. Dimon and Martha Keery to determine adverse claims to the contents of a box deposited with plaintiff. From a judgment in favor of defendant Dimon, defendant Keery appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Roger A. Pryor and Theodore H. Friend, for appellant.
Wm. R. Wilder and John Ewen, for respondent.

RUMSEY, J. The action is interpleader brought by the safe-deposit company to determine the ownership of the contents of one of its boxes. The interpleaded defendants were Martha Keery, on the one part, and Charles Dimon, as administrator of Stephen C. Dimon, on the other; and the question was which of these parties was entitled to the ownership of a tin box and its contents, which was deposited in one of the safes of the plaintiff, which had been rented by Stephen Dimon in his lifetime. Mrs. Keery claimed that on the 5th of January, at the time of his last illness, Stephen Dimon gave to her the keys to his safe in the company's building, and to the box which was in the safe, and accompanied that transaction with directions that, after devoting certain of the contents of the

box to such purposes as were prescribed by him, she might do as she pleased with the rest. It was conceded that certain articles in the box belonged to her, and as to these no further consideration will be given. On Mrs. Keery's behalf, testimony was given to prove the alleged gift. After that had been done, she herself went upon the stand, but gave no testimony bearing upon the transaction between Stephen Dimon and herself. It appeared that after Stephen Dimon's death Mrs. Keery claimed to be the sole legatee under his will, and she applied to the surrogate for an order, directed to the safe-deposit company, to permit the box to be opened, so that the will, if there, might be produced. That order was put in evidence by Mrs. Keery. An affidavit had been presented to the surrogate upon which that order was granted. Mrs. Keery had not put that affidavit in evidence. Upon her cross-examination that affidavit was presented to her by the counsel for the administrator of Stephen Dimon, who asked her the following question:

"Q. Do you remember swearing to this? 'That during the last illness of said deceased he requested and directed deponent to take possession of his keys; having before that time shown the deponent his said keys, and pointed to two of them as being the keys of his private safe. That deponent has all of such keys now in her possession, and verily believes that said deceased left a last will and testament, and that same is now locked up in said private safe, to which the officers of the said Mercantile Safe-Deposit Company will not allow deponent or her attorney access without an order of the surrogate.' Do you remember swearing to that? A. Yes, sir; I believe I swore to that."

Upon redirect examination by her own counsel her attention was called to this question, and she was asked:

"Do you recollect that conversation you had with the deceased, or that transaction?"

This question was objected to on the ground that it was incompetent under section 829 of the Code. There is no doubt that, if a party to an action against an administrator of a deceased person is asked by that administrator any question which involves a personal transaction with the decedent, that party is at liberty to relate the whole transaction; and section 829 in that case does not apply. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698; Mahoney v. Jones, 35 App. Div. 84, 54 N. Y. Supp. 488. So that, if the question asked of Mrs. Keery upon her cross-examination involved a personal transaction with Stephen Dimon, she was entitled to go into the whole transaction, and it was error to exclude that evidence; but I do not think that that question involved such a transaction. Mrs. Keery had upon her direct examination given no testimony as to that transaction. She had, however, before the trial, made an affidavit as to a conversation between herself and Dimon which took place at about the same time as the one at which she claimed the gift had been made. That affidavit was offered, not for the purpose of contradicting her, but only as an admission by her that what was alleged to have taken place when the gift was made did not take place. The claim of the administrator was that this woman at the time after the death of Dimon had made an admission which was inconsistent with the claim she made on the trial. He did not seek to prove by her what took place at the time of the

gift, but only what she had said about it afterwards, and the ques tion presented by his evidence was whether she had in that affidavit made an admission which was fatal to her claim now made. Undoubtedly, with respect to that admission, when it was put in evidence she was entitled to have every word of it, from beginning to end; and she was entitled to have put in evidence the whole affidavit, not for the purpose of showing what took place between herself and Stephen Dimon, and what their talk had been, but for the purpose of showing what she had said about it in the paper, in order that the judge might see whether that admission was harmful to her claim. So far as it went, she stood on the same footing as any other witness. Supposing that another witness had been upon the stand to testify that at the time of the application to the surrogate for the order, after Dimon's death, Mrs. Keery had made the admission contained in the affidavit; undoubtedly that testimony would authorize the cross-examination of that witness as to everything which was said at the time of the admission. But that would be the extent of the cross-examination in that regard, and the fact that he heard the original transaction and was able to testify to it would not be of the slightest importance, because it must be clear that his testimony was not as to what the transaction was, but what was said about it. The same rule should be applied to the testimony of Mrs. Keery, and therefore there is no question in my mind that the evidence was admissible, and that the ruling was correct.

We have examined the other exceptions taken to the rulings of the court at special term upon questions of evidence, and are of the opinion that none of them affords any reason for the reversal of this judgment. Upon the whole case the determination of the special term was fully warranted by the evidence.

The award of costs in these cases is, as is well known, discretionary, and with that discretion the appellate court will not interfere unless it is quite clear that it is erroneously exercised. That is not apparent here. It is true that the judgment awards to Mrs. Keery certain articles which were in the box of the intestate, but as to those articles there was really no contest. Mrs. Keery was called upon to make formal proof as to them, and, that having been done, her right to them was admitted, and the serious contest throughout the trial was with reference to the other articles of value which were claimed by her and the administrator. Upon the issues really involved in the case the administrator has succeeded, and was entitled to his costs. It does not appear in the record that there was any error or irregularity in the award of an additional allowance. The case is not within the case of Bush v. O'Brien, 52 App. Div. 452, 65 N. Y. Supp. 131, for reasons which will clearly appear upon a cursory examination of that case.

Upon the whole case, we are of the opinion that the determination of the learned justice at the special term was correct and that the rulings made by him were not erroneous, and therefore the judgment must be affirmed, with costs. All concur.