JOSEPH G. RUSSELL, Respondent, *v.* WILLIAM L. HITCHCOCK, as Administrator, etc., of CATALINA V. N. McNITT, Deceased, Appellant.

*General objection that testimony is incompetent under section 829 of the Code of Civil Procedure — it does not raise the question as to a physician's competency to testify as to transactions with a deceased patient.*

A general objection to the competency of evidence does not raise the question as to the competency of the witness to testify on the subject.

An objection that a witness is not competent at all to testify under section 829 of the Code of Civil Procedure is unavailing because too general.

The proper way of taking an objection under such section is, that the witness is incompetent to answer such question, because it involves a personal transaction between him and the deceased prohibited by said section.

Upon the trial of an action brought by a physician to recover for professional
services rendered by the plaintiff to the defendant's intestate, the plaintiff is
incompetent, under section 829 of the Code of Civil Procedure, to testify, after
having looked at his account book for the purpose of refreshing his recollec-
tion, that he saw the intestate on the several hundred dates therein specified
and that all the visits therein charged against the intestate were made by him,
and that he delivered annual statements of the account to the intestate and
that she kept them without objection.

APPEAL by the defendant, William L. Hitchcock, as administra-
tor, etc., of Catalina V. N. McNitt, deceased, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Washington on the 15th day of Novem-
ber, 1904, upon the report of a referee.

*D. M. Westfall*, for the appellant.

*Abner Robertson* and *J. Murray Downs*, for the respondent.

HOUGHTON, J. :

The action is to recover for medical services performed by the
plaintiff for defendant's intestate, embracing many visits and special
treatments, covering several years.

On the trial the plaintiff, as a witness in his own behalf, was per-
mitted to testify, against the defendant's objection, while looking
at his account book to refresh his recollection, that he saw the intes-
tate on the several hundred dates which he specified, and that all
the visits which he had charged in his account against her had in
fact been made by him, and that he had made annual statements of
the account and had delivered some of them personally to the
deceased.

The objections of the defendant to the testimony sought to be
given by the plaintiff in his own behalf were repeated and numer-
ous. The plaintiff was one of the first witnesses called, and, after
testifying to his residence and that he was a physician and that he
knew the deceased in her lifetime and was called to attend her pro-
fessionally, was shown the bill which he had prepared against her
estate, and upon which the action was brought, and was asked if all
the visits therein charged against her estate were made by him. To
this objection was made that the evidence was " obnoxious to the
provisions of the Code, section 829." The objection was over-
ruled and an exception taken, and he answered that they were.

Whereupon the further question was asked if all the prescriptions and disbursements charged in the bill were actually made by him, and to this evidence objection was made "as being incompetent and improper under the provisions of the Code, sections 829, 834 and 836, particularly 829," and the witness was permitted to answer that they were, to which the defendant excepted.

Further on the witness, having his account book before him, was asked to state what services he rendered to the deceased, "carefully excluding any personal transaction or communication with" her, and to this question objection was made "as incompetent, as asking for a personal transaction with the deceased person, not competent under section 829 of the Code." This objection was overruled, and the witness answered that from August 29, 1889, until January 10, 1903, he made innumerable visits to the deceased, gave prescriptions and sent medicines to her, and proceeded, evidently, to read from his book the dates and charges which he had made. Thereupon objection to this line of testimony was taken and a motion made to strike it out "as incompetent and improper under sections 829 and 834 of the Code, as it necessarily involves personal transactions and communications between the plaintiff and his deceased patient." The referee sustained the objection on the ground that the plaintiff appeared to be testifying from his account book and should only testify from recollection.

After the witness had stated that looking at his account book did refresh his recollection with respect to the times of his visits, he was asked to go on and state every date and every time he saw the deceased at her home or in his office, from 1889 to her death in 1903. Amongst other objections made to this question one was that "it is incompetent and improper under the provisions of sections 829 and 834 of the Code." Thereupon the witness was permitted to give the date and place of several hundred visits made by him to the deceased.

Exceptions were taken to these various rulings, and at the close of the case the defendant moved to strike out the testimony of the plaintiff as to the numerous times when he saw the decedent, on the ground that its only relevancy rested upon an inference of a personal transaction with the decedent upon which the claim for services was based, and that it constituted a personal transaction pro-

hibited by section 829 of the Code of Civil Procedure. The referee reserved decision upon this motion, to which the defendant took an exception. The motion does not appear ever to have been decided.

We have been thus specific in pointing out the character of the objections made and the course of the trial, because it is claimed that the objections were not sufficiently specific to permit defendant now to insist that error was committed in permitting the plaintiff to testify against the defendant administrator to personal transactions had with the deceased person whom he represented.

It is true that a general objection to the competency of evidence does not raise the question of the incompetency of the witness to testify upon the subject. (*Stevens* v. *Brennan,* 79 N. Y. 255.) So, too, it has been said that an objection that the witness was not competent to testify under section 829 was unavailing because too general. (*Sanford* v. *Ellithorp,* 95 N. Y. 52; *Ham* v. *Van Orden,* 84 id. 271.) Reference to these latter cases, however, will show that the objection under consideration was held not good upon the broad ground that objection was made to the witness testifying at all, rather than testifying as to any personal transactions with the deceased person. A party or person interested in the event is a competent witness for some purposes, and is only prohibited from testifying to personal transactions or communications with the deceased. It is manifest that a general objection to his testifying would not raise the question as to his violating the provisions of section 829 of the Code.

The office of an objection is to bring before the minds of the court and the opposing counsel the distinct ground relied upon, so that the court may rule intelligently and counsel may be advised of the risk they are taking and avoid it if they choose. (*Hoag* v. *Wright,* 174 N. Y. 36, 40.) The plain and proper objection would have been that the witness was incompetent to answer the question because it involved a personal transaction between him and the deceased prohibited by section 829 of the Code. We think both the referee and the opposing counsel must have so understood the various and varied objections of the defendant. Besides, the objection to proof by plaintiff that he delivered annual statements to the deceased, occurring at an early period in his examination, was upon the specific ground that the testimony involved a personal transac-

tion with the deceased, contrary to the provisions of the section, thus in the beginning pointing out what was meant in the objections by reference to violations of section 829 of the Code.

The evidence permitted to be given by the plaintiff was material and pertinent. The delivery of annual statements to the deceased and the keeping of them by her without objection bore upon their correctness and her acquiescence in the amounts charged against her. But few of plaintiff's professional visits were proved by other witnesses. The account book was attacked, and his evidence that he saw the deceased on the many dates therein contained had no pertinency other than to prove that he performed professional service for her at such times.

The evidence which the plaintiff was permitted to give plainly related to personal transactions between himself and the deceased, and was prohibited by section 829 of the Code. (*Clift* v. *Moses*, 112 N. Y. 426.) The defendant's objections were sufficient and his exceptions well taken.

In view of the conclusions to which we have arrived, consideration of the additional errors urged is unnecessary.

The judgment must be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed, referee discharged, and new trial granted, with costs to appellant to abide event.