NORMAN COLE, as Executor of ELIZABETH THOMAS, Deceased, Appellant, v. MARY SWEET, Respondent.

1. EVIDENCE — PERSONAL TRANSACTIONS WITH DECEDENT — CODE CIV. PRO. § 829. The object of the enactment of the limitation of section 829 of the Code of Civil Procedure, relating to the examination of a party, etc., was to so carefully balance rights that the survivor should not take advantage of a deceased person, and the personal representatives should not take advantage of a survivor. The party for whose protection the limitation was made may keep the door closed if he chooses, but if he opens it at all, he opens it wide as to any transaction concerning which he examines the survivors.

2. ACTION TO RECOVER MONEYS ALLEGED TO HAVE BEEN OBTAINED FROM DECEDENT BY FRAUD — WHEN DEFENDANT MAY TESTIFY AS TO PERSONAL TRANSACTIONS. Where, in proceedings to settle executor's accounts, a residuary legatee claiming that the executor had failed to recover moneys obtained by a party from the testatrix by undue influence and fraud, partially examines such party as to personal transactions with the deceased, and it being concluded that the surrogate had no jurisdiction, the proceedings are suspended and such legatee induces the executor as nominal plaintiff to bring an action to recover the amount, and in such action he introduces in evidence the statements of defendant made in the proceeding before the surrogate, he thereby waives his privilege under section 829 of the Code of Civil Procedure, and the defendant is entitled to testify as to the whole of any transactions about which she was examined in the proceeding; since if the representative of decedent speaks himself or compels the survivor to tell a part, he waives the right to object to his telling the rest.

Cole v. Sweet, 112 App. Div. 777, affirmed.

(Argued January 30, 1907; decided February 26, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 21, 1906, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was brought by the executor of Elizabeth Thomas, deceased, to compel the defendant to account for certain moneys and property alleged to have been obtained by her from the testatrix by undue influence and fraud. The answer was in substance a general denial.

Before this action was commenced the plaintiff, as executor, attempted to account before the surrogate, but the residuary legatee filed objections and sought to surcharge his account with the amount of the claim for which the present action was subsequently brought. The issue thus joined in that proceeding was tried before the surrogate, and Mary Sweet, the defendant herein, was called and sworn as a witness for the residuary legatee. After she had been examined at some length in his behalf as to various personal transactions she had had with the testatrix, "it was concluded that the surrogate had no jurisdiction to determine the question and the following stipulation was entered into between Mr. Stephen Thomas, the residuary legatee, and Norman Cole, the executor of the last will and testament of Elizabeth Thomas, deceased," · to wit: "The parties agree in open court that an action shall be brought in the name of the executor against Mary Sweet to recover such sums of money and for such cause or causes of action as the residuary legatee may deem proper. The residuary legatee to designate attorneys and counsel in such action, who shall have full charge of the prosecution thereof, and the residuary legatee shall save harmless the said executor from any claim which may arise against him on account of the institution of such action or on account of the defense to any action which may be brought by Mary Sweet."

Nothing further was done before the surrogate, and the accounting seems to have been suspended to await the determination of an action to be brought pursuant to said stipulation. The present action was brought accordingly, and upon the trial thereof the first witness called by the plaintiff was the official stenographer who took the testimony of Mary Sweet in said proceeding before the surrogate. After the typewritten copy embracing all her testimony had been identified and sworn to as correct it was offered in evidence by the plaintiff. The defendant objected on the ground that it was incompetent, and that "the witness is here in court and should be examined in the regular way." The objection was overruled, and the transcript, which covers twenty-six pages

of the appeal book, much of it quite material to the issue, was read in evidence. When the plaintiff rested, the defendant, having been sworn in her own behalf, sought to give the rest of such personal transactions with the decedent as she had been asked about and partially examined upon before the surrogate, but an objection was interposed under section 829 of the Code of Civil Procedure. An exception to the ruling which admitted the evidence raises the question discussed in the opinion. Upon the submission of the action the trial court found that the defendant had not been guilty of fraud or undue influence and dismissed the complaint, with costs. The Appellate Division affirmed and the plaintiff · appealed to this court.

*James A. Kellogg* and *Erskine C. Rogers* for appellant. Defendant's testimony upon the trial was incompetent under section 829 of the Code of Civil Procedure, and the objections thereto should have been sustained. ( *Whiton* v. *Snyder*, 88 N. Y. 299; *M. S. D. Co.* v. *Dimon*, 55 App. Div. 538.)

*A. Armstrong* and *L. Armstrong* for respondent. Plaintiff, by introducing a transcript of the evidence received in the Surrogate's Court and making it substantive proof, opened the door for a full explanation by defendant of all her money transactions with decedent, and her testimony on the trial was properly admitted. ( *Whiton* v. *Snyder*, 88 N. Y. 299; *M. S. D. Co.* v. *Dimon*, 55 App. Div. 538; *Nay* v. *Curley*, 113 N. Y. 578; *Merritt* v. *Campbell*, 79 N. Y. 625.)

Vann, J. When the legislature decided to change the common-law rule of evidence which prohibited parties from testifying upon the trial of an action, it was deemed necessary to surround the change with certain limitations in order to protect the estates of deceased persons and those claiming under them. Accordingly, after providing that parties and persons interested in the event of an action should be competent witnesses, it was further provided that they should not be examined in their own behalf as against the personal

representative of a deceased person concerning a personal transaction or communication between the witness and the decedent. This limitation was made on the theory that the voice of the survivor should not be heard when that of the other party is silent in death. When, however, the personal representative gives evidence in his own behalf or the testimony of the decedent is given in evidence concerning such a transaction, the door is open to the survivor to testify fully in his own behalf in regard to that transaction. (Code of Pro. § 399 ; Code Civ. Pro. § 829 ; *Potts* v. *Mayer*, 86 N. Y. 302.)

The limitations of the statute may be waived by the personal representative, not only by the failure to object on the proper ground, but also by calling the survivor as a witness and going into a transaction had by him with the decedent in person. The statute does not make the survivor incompetent generally, even as a witness in his own behalf, but only as against the personal representative and concerning a personal transaction with the decedent. The personal representative, therefore, may call his adversary and examine him at will as to any transaction with the decedent, but in so doing he waives the benefit of the statute and opens the lips of the witness so that he can testify in his own behalf fully and at large as to the transaction thus gone into. (*Nay* v. *Curley*, 113 N. Y. 575; *Merritt* v. *Campbell*, 79 N. Y. 625.)

The statute has been many times amended, but in all the changes the uniform effort of the legislature has been to so carefully balance rights that the survivor should not take advantage of a deceased person and the personal representative should not take advantage of a survivor. The party for whose protection the limitation was made may keep the door closed if he chooses, but if he opens it at all, he opens it wide as to any transaction concerning which he examines the survivor.

When these principles are applied to the case before us the answer to the question so ably discussed by counsel is not difficult. The defendant made no voluntary statement in Surrogate's Court which could be proved by the personal repre-

sentative with the effect only of an ordinary admission. If the survivor says something on the street or volunteers information as to a transaction he had with a decedent, his statement may be proved against him as an admission without waiving any right under the statute. Acting under no compulsion exercised by those interested in the estate of the decedent, he runs the risk of having his admission proved, with no right to go into the transaction generally, or to go beyond proof of all that he said when the admission was made. This was not the situation of the defendant when she was called as a witness in Surrogate's Court. She was not sworn in her own behalf, but in behalf of the residuary legatee, who stands before us as virtually the plaintiff in this action. When he asked her to take the stand, the law commanded her to be sworn and to answer all questions put to her under the direction of the court. Acting under the highest compulsion, rightfully exercised by the residuary legatee, she obeyed the command of the law and answered his questions as to various transactions she had had with the testatrix during a long series of years. When the residuary legatee had thus partially examined her as to those transactions he abandoned the proceeding then in court and through the personal representative commenced this action. The gain or loss from the result is his and in a broad sense he is the party in interest though not the actual party on the record. He is represented by the same counsel as before and controls the action the same as he did the special proceeding. When this action came to be tried he read the testimony thus taken in Surrogate's Court at his instance as the main part of the evidence on which he sought a heavy recovery from the defendant. He offered it to prove his case without calling the defendant as a witness. He had a right to do this and no complaint is made because he did it, but when the defendant tried to give the entire transaction concerning which she had partially testified in his behalf, he invoked the statute to prevent it. After compelling her to state a part of what was said and done by herself and the decedent, he insisted that she could not

explain the transaction or state all that was said and done. He could not thus turn a shield into a sword. The careful balance of rights made by the legislature to protect both parties and injure neither, would be disturbed if he could thus take advantage of the defendant. It would promote fraud instead of preventing it, which is the aim of the statute. Having forced her to tell a part of her story before the surrogate he could not read it as evidence in this action and then prevent her from telling the whole, because the spirit of the statute, as interpreted by the decisions of the courts, is against it. The spirit of the statute is that the survivor shall not speak when the decedent cannot, unless the representative of the decedent speaks himself, or compels the survivor to tell a part when he waives the right to object to his telling the rest. Thus in *Nay* v. *Curley* (*supra*) the court, after referring to section 829, said : " But that section was not intended to abrogate the principle in the law of evidence, that where a party calls a witness and examines him as to a particular part of a communication or transaction, the other party may call out the whole of the communication or transaction bearing upon or tending to explain or qualify the particular part to which the examination of the other party was directed. This rule does not need the sanction of authority. It is founded upon obvious equity and justice. A part of the truth often implies a falsehood, and in the search for truth through the examination of witnesses, courts do not countenance partial statements of facts by witnesses. The principle adverted to is just as applicable in reason to a case where a party calls an adverse party and examines him as to one fact or phase of a transaction in his favor, and then discontinues the inquiry, as in any other. The party examined by the other may, at his own instance, complete the narration for the purpose of explaining, modifying or putting in a different light the particular part to which the examination by the adverse party was restricted. Section 829 in no manner affects the application of the rule."

The point would not be open to discussion if the defendant

had been sworn in this action in behalf of the plaintiff, but there is no substantial difference between such a situation and the one before us, where the testimony of the defendant taken in another proceeding at the instance of the real plaintiff herein was read in evidence *in extenso.* Equality cannot be preserved, nor unfair advantage prevented if a party is allowed to do indirectly that which he could not do directly.

We think, as was said by the learned Appellate Division, " that the plaintiff, under the circumstances presented here, by reading the defendant's testimony given in the Surrogate's Court in evidence as a part of his case on this trial, is in no different position than if he had called the defendant to the stand as his witness and elicited from her the same testimony which she had given in the Surrogate's Court. The evident purpose in not calling her was to prevent her from giving on cross-examination the testimony now objected to by the plaintiff. * * * The plaintiff, by the course adopted in getting her testimony, has, * * * clearly opened the door to the defendant to tell the whole of any transaction about which she had been partially examined and should be held to have waived the right to invoke the aid of section 829 to prevent her from so doing." This is the rule in every state where the question has been considered, so far as we are able to discover. (*Lilley* v. *Mutual Benefit Life Ins. Co.*, 92 Mich. 153, 159; *Matter of Smith*, 52 Mich. 415; *Martien* v. *Barr*, 5 Mo. 102.)

We think the evidence objected to was properly received and, after examining the other questions discussed by counsel, we are of the opinion that the judgment appealed from should be affirmed, with costs.

Cullen, Ch. J., Gray, Haight, Werner, Willard Bartlett and Chase, JJ., concur.

Judgment affirmed.