## MORGAN v. FORAN.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

1. WITNESSES—TRANSACTION WITH DECEASED—EFFECT OF ADMISSION OF TESTIMONY OF ADVERSE PARTY.

   Code Civ. Proc. § 829, provides that a party shall not be examined as a witness in his behalf against the executor of a deceased person, concerning a personal transaction between the witness and the deceased person, unless the executor has been examined in his own behalf concerning the same transaction. Held, that in an action by an executor, where he has testified as to admissions of a defendant that she had moneys which were the property of testatrix, defendant may deny the admission, but cannot testify that the property was given to her by the testatrix.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 718.]

2. TRIAL—OBJECTION TO EVIDENCE—SCOPE.

   In an action by an executor for the recovery of money alleged to belong to the estate of his testatrix, an objection to certain questions, as

calling for "personal communications inadmissible under provisions of section 829 of the Code," is sufficient to challenge the competency of defendant to testify as to a gift of the money to her by the testatrix.

Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Rollin M. Morgan, executor, against Margaret E. Foran. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Arthur L. Marvin, for appellant.

Alfred J. Talley, for respondent.

HOUGHTON, J. The action is for the conversion of certain moneys claimed to have belonged to plaintiff's testatrix, and which the defendant refused to deliver to plaintiff on demand. Plaintiff, as a witness in his own behalf, testified that he had an interview with the defendant shortly after the decease of the testatrix, in which the defendant admitted to him that she had in her hands certain moneys which were the property of the testatrix, which she was ready to turn over to him as executor, and that she delivered a part, but refused to turn over the balance, for which this action is brought. The defendant denied that she admitted that the balance which she now has in her hands belonged to the testatrix, or that she promised to turn it over to the plaintiff as executor. In addition to the denial of such conversation testified to by the plaintiff, the defendant was permitted to testify, against the objection and exception of the plaintiff, to transactions and conversations had by her with the testatrix at various times prior to her decease, tending to show that the money was given to her by the testatrix.

The defendant was not a competent witness in her own behalf to testify, as against the plaintiff executor, to transactions and communications between herself and the testatrix for the purpose of establishing a gift to herself. In defending her title to the money as a gift, she was making a claim adverse to the estate of testatrix. The language of section 829 of the Code of Civil Procedure expressly prohibits her from testifying to personal transactions and communications had by her with the deceased through which she may have obtained title. That section provides that upon the trial of an action a party or a person interested in the event shall not be examined as a witness in his own behalf or interest, against the executor or administrator of a deceased person, concerning a personal transaction or communication between the witness and the deceased person, unless the executor or administrator shall have been examined in his own behalf, or the testimony of the deceased person is given in evidence concerning the same transaction or communication. Even where the executor has testified to one transaction, the door is not open for the defendant to testify to other or different transactions, but he is competent only to testify respecting that particular one. Rogers v. Rogers, 153 N. Y. 343, 47 N. E. 452. The plaintiff executor did not testify to any

communication with the decedent, but only to a conversation with the defendant herself. Of course, she could deny that she had the conversation with the plaintiff to which he testified, but she could not justify her retention of the money by her own testimony that the testatrix had delivered it to her with words of gift. In doing so she was testifying in her own behalf, and against the executor of the deceased person from whom she claimed title, and going beyond a denial of her admission, which denial she could not fortify by detailing communications had with the deceased. Cole v. Sweet, 187 N. Y. 488, 80 N. E. 355.

The respondent does not urge that the objection of the plaintiff was not sufficiently specific to raise the question of the incompetency of the witness to testify. The objection was that the questions called for "personal communications, inadmissible under the provisions of section 829 of the Code." Strictly speaking, the objection should have been that the witness was incompetent to answer the questions because they involved personal transactions and communications between her and the deceased, which were prohibited by that section of the Code. This was the purport of the objections made, and they must have been so understood by the court and counsel, and we think they were sufficient to challenge the competency of the witness. Russell v. Hitchcock, 105 App. Div. 315, 93 N. Y. Supp. 950.

The testimony of the defendant was of the most vital character, and, she being incompetent to give it, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). In my opinion the plaintiff opened the door wide for testimony on the part of the defendant as to the circumstances under which she received the money now sued for. The only evidence that defendant ever received the money from decedent was testimony on the part of plaintiff and his partners that defendant admitted to them in their office that decedent had given her the money. The proof of this admission was equivalent to calling defendant as a witness and eliciting from her by direct questions the fact that at certain time or times the decedent had given her a sum of money. In such a case there is no question that the door would have been opened to defendant to testify as to the whole transaction between herself and the decedent, even to the extent of showing that the money was a gift to her. Mahoney v. Jones, 35 App. Div. 84, 54 N. Y. Supp. 488; Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. In the latter case it was said, with reference to section 829 of the Code of Civil Procedure:

"That section was not intended to abrogate the principle in the law of evidence that, where a party calls a witness and examines him as to a particular part of a communication or transaction, the other party may call out the whole of the communication or transaction bearing upon, or tending to

explain or qualify, the particular part to which the examination of the other party was directed."

Without defendant's admission that she had received the money from decedent, the plaintiff could have proven no cause of action. Having elicited that admission, which certainly involved a personal transaction with the decedent, the plaintiff could not, in my opinion, rest his recovery upon that admission and preclude defendant from stating the whole transaction, concerning which the plaintiff had questioned her in his office, no further than suited the purpose he had in view. The admissions said to have been made by defendant to plaintiff were something more than a voluntary admission and statement such as is referred to in Cole v. Sweet, 187 N. Y. 488, 80 N. E. 355, and which, as therein stated, would not open the way to testimony by the defendant. True, the defendant was under no compulsion to answer any of plaintiff's questions; but, when we consider that this plaintiff was a lawyer, that he had requested defendant to call at his office, that she had no professional advice at the time, and may not be presumed to have known the effect of any statement made by her, or that she could not thereafter explain or amplify her admission, the reason for holding that the statute does not forbid her to testify seems to me to be complete. As was said in Cole v. Sweet, supra:

"Equality cannot be preserved, nor unfair advantage prevented, if a party is allowed to do indirectly that which he could not do directly."

The evidence objected to was therefore, in my opinion, properly received. In any event, the plaintiff failed to make out the cause of action alleged in the complaint, and should have been nonsuited. He elected to sue in conversion, alleging that the defendant wrongfully took the property of the decedent. On such wrongful taking there was not a particle of evidence.

In my opinion the judgment was right, and should be affirmed.