■ In the Matter of the Estate of Emil Sternberg, Deceased, Respondent, v James H. Sternberg, Appellant. — Decree unanimously affirmed, with

costs. Memorandum: On June 15, 1977, one year after decedent's death, respondent, decedent's son, testified in a Florida divorce action that at the time of his purchase of a home four or five years earlier he had borrowed $100,000 from his father and that the loan remained unpaid and was a "debt to the estate". In this proceeding, petitioners, executors of the estate of respondent's father, seek to recover the amount of the alleged loan. At trial petitioners offered into evidence respondent's testimony in the Florida action as proof of the outstanding debt. Although respondent had testified in Florida that he did not know whether decedent had forgiven any part of the debt by making a gift to him and had not seen a gift tax return of decedent, he submitted no documentary evidence to demonstrate the altered character of the transaction. On objection to respondent's attempt to give oral evidence on that issue, the Surrogate, relying upon the "Dead Man's Statute" (CPLR 4519), properly ruled that respondent could not testify as to any personal transaction with decedent. The court decreed that respondent was indebted to the estate in the sum of $100,000 plus interest, and awarded judgment accordingly. On appeal, respondent claims that by introducing his Florida testimony into evidence, petitioners waived the protection of CPLR 4519. We disagree. It is well settled that where an executor elicits testimony from an interested party on the personal transaction in issue he waives the protection of the statute, and otherwise incompetent testimony of his adversary becomes admissible to explain fully the disputed personal transaction *(Matter of Wood,* 52 NY2d 139; see, also, *Cole v Sweet,* 187 NY 488; *Nay v Curley,* 113 NY 575). The rule, however, applies only where the executor of the estate "forced another interested party to testify" *(Matter of Wood, supra,* p 145) and not, as here, where respondent's testimony was given in an unrelated proceeding in which the representatives of the estate were not parties. The earlier informal judicial admission (see Richardson, Evidence [Prince, 10th ed], § 217, p 193) was provable by petitioners without waiving any right under the statute *(Cole v Sweet, supra,* p 492; cf. *Morgan v Foran,* 120 App Div 185, 186). We have reviewed the other issues raised by respondent and find them to be without merit. (Appeal from decree of Erie County Surrogate's Court — claim by estate.) Present — Dillon, P. J., Cardamone, Doerr, Denman and Moule, JJ.